**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Eric Nelson BERTRAM,**
**Defendant-Appellant.**

**No. 82–1709.**

United States Court of Appeals,
Fifth Circuit.

Oct. 28, 1983.

Mallory G. Holloway (Court-appointed), Amarillo, Tex., for defendant-appellant.

Mark D. McBride, Asst. U.S. Atty., Lubbock, Tex., for plaintiff-appellee.

Before RUBIN, TATE and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Eric Nelson Bertram appeals from a jury conviction for two counts of making a false statement in connection with the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6) and § 924(a); two counts of unlawful receipt of a firearm by a felon in violation of 18 U.S.C. § 922(h) and § 924(a); and one count of receipt and possession of firearm by a felon in violation of 18 U.S.C. § 1202(a)(1) appendix.

On appeal, Bertram contends that the district court committed error in denying his motion to suppress evidence obtained as the result of a search of his person shortly after his arrest for the "possession and intended sale of counterfeit Krugerrands." The government seeks to uphold the search and seizure as incident to a lawful arrest, based upon probable cause. Finding that the search and seizure was incident to a lawful arrest, based upon probable cause, we find no error and affirm Bertram's conviction.

## I.

In 1982, a Secret Service Special Agent, operating undercover during the course of an investigation into suspected counterfeiting violations, met with Bertram in Amarillo, Texas, and discussed the purchase price of counterfeit South African Krugerrands. After their discussions, the agent agreed to pay Bertram the price of $150 per coin in "the finished state," i.e., with the word "copy" polished off and the coin gold-plated. At this meeting, Bertram told the agent that he had sent eleven of the counterfeit Krugerrands in the finished state to Las Vegas, Nevada. He also told the agent that he had one thousand of the counterfeit Krugerrands, but because he felt that federal agents would not make an arrest based upon a partial recovery of the known outstanding counterfeit coins, he would only deliver a third of them at a time.

Four days after this meeting, Bertram informed the agent that the counterfeit coins would not be delivered in the polished and gold-plated state. Instead, they would be delivered with the word "copy" embossed on the coins. As a result, the purchase price would be reduced to $100 for each coin. Bertram agreed to meet with the agent on February 18, 1982, at an Amarillo restaurant. At the meeting on February 18, Bertram delivered to the agent 333 of the counterfeit South African Krugerrands bearing the word "copy" in

very small letters. The agent immediately arrested Bertram for a violation of 18 U.S.C. § 485.[1]

During a subsequent search of Bertram's person, a Smith & Wesson 9 mm pistol and a North American Arms .22 caliber revolver were obtained. In the course of a subsequent investigation, the government also obtained the Alcohol, Tobacco & Firearms Agency Forms 4473 which had been completed by Bertram when he purchased the 9 mm pistol and a .357 magnum pistol.[2] Bertram was indicted for various firearms violations as well as for possessing, passing and uttering, with intent to defraud, a false, forged and counterfeited coin, in violation of 18 U.S.C. § 485. The government subsequently dropped the charge concerning the possession of counterfeit South African Krugerrands.

Bertram filed a motion to suppress various items, including the 9 mm pistol, the .22 pistol and the ATF forms 4473. The district court denied Bertram's motion, reserving a decision on admissibility for trial. At trial, the district court allowed the items to be admitted into evidence. Based upon this evidence, Bertram was convicted of the firearms charges. He appeals.

## II.

On appeal, Bertram argues that the government agent had no probable cause to arrest him for a violation of 18 U.S.C. § 485,[3] and that therefore the incriminating weapons as well as the incriminating ATF 4473 forms which were discovered as the result of a search incident to an arrest for a violation of that statute should have been suppressed by the district court. In contending that there was no probable cause to arrest him, Bertram, in essence, argues that the existence and validity of probable cause depended on the likelihood that the government would succeed in proving that Bertram violated 18 U.S.C. § 485. Relying on *United States v. Falvey,* 676 F.2d 871 (1st Cir.1982), in which the First Circuit held that an individual did not violate 18 U.S.C. § 485 by possessing counterfeit South African Krugerrands with intent to defraud,[4] and on the fact that each of the counterfeit Krugerrands had the word "copy" embossed thereon, Bertram contends that the government could not have succeeded in prosecuting him for a violation of the counterfeiting statute and that the evidence should therefore have been suppressed.

The test for probable cause does not involve speculation about the outcome of a trial on the merits of a particular charge, but rather upon an assessment of whether the knowledge of the arresting officer at the time of the arrest would be sufficient to warrant a prudent man's be-

---

**1.** Title 18 U.S.C. § 485 provides:

Whoever falsely makes, forges, or counterfeits any coin or bar in resemblance or similitude of any coin of a denomination higher than 5 cents or any gold or silver bar coined or stamped at any mint or assay office of the United States, or in resemblance or similitude of any foreign gold or silver coin current in the United States or in actual use and circulation as money within the United States; or

whoever passes, utters, publishes, sells, possesses, or brings into the United States any false, forged, or counterfeit coin or bar, knowing the same to be false, forged, or counterfeit, with intent to defraud any body politic or corporate, or any person, or attempts the commission of any offense described in this paragraph shall be fined not more than $5,000 or imprisoned not more than fifteen years or both.

**2.** On these forms, Bertram had made a false statement by answering "No" to a question asking whether he was presently under indictment for a crime punishable by a term exceeding one year. At the time of the gun purchases, Bertram had been placed under a state indictment which charged him with committing such a crime.

**3.** On appeal, Bertram raised four issues. One of these issues was disposed of prior to oral argument. At oral argument, Bertram's counsel waived two other issues. Therefore, the only issue which remains to be decided is whether the trial court erred in denying Bertram's motion to suppress the fruits of the search which occurred incident to arrest for a violation of the counterfeiting statute.

**4.** The First Circuit's decision was based on the fact that South African Krugerrands are not current or in actual use and circulation as money with the United States. *Falvey,* 676 F.2d at 872–75.

lieving that the person arrested had committed or was committing an offense. *United States v. Atkinson,* 450 F.2d 835, 838 (5th Cir.1971), *cert. denied,* 406 U.S. 923, 92 S.Ct. 1790, 32 L.Ed.2d 123 (1972). Although the evidence sufficient for probable cause must be more than what amounts to a mere suspicion, it is considerably less than what is required for a conviction of guilt. *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684 (1965). In examining probable cause, a court must deal with probabilities. " '[T]hey are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' " *Adams v. Williams,* 407 U.S. 143, 149, 92 S.Ct. 1921, 1924, 32 L.Ed.2d 612 (1972) (citing *Brinegar v. United States,* 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949)).

In the context of this case, it is the considerations of a reasonable and prudent Secret Service Agent which must be evaluated. Bertram may have been able to convince a jury that the word "copy" on each coin made it impossible to defraud anyone. We are unable to conclude, however, that the presence of this word in minuscule letters (and they are indeed minuscule) made it impossible for a reasonable and prudent agent to believe that the coins were not counterfeit.

That there was a subsequent court decision which holds that an individual who possesses counterfeit Krugerrands with intent to defraud cannot be convicted of a violation of 18 U.S.C. § 485 does not warrant a conclusion that on February 18, 1982, a reasonable and prudent agent could not believe that Bertram had violated that section. The First Circuit did not render its decision in *Falvey* until April 18, 1982. To reach that decision, the First Circuit decided that the scope of the second paragraph of 18 U.S.C. § 485 must be read identically with that of the first. This required the court to read a limitation into the plain wording of the second paragraph. Moreover, in November 1981, the United States District Court for the Northern District of Texas, the district where the arrest occurred, had denied a defense motion to dismiss several counts of an indictment in a similar counterfeiting prosecution. In doing so, it had refused to limit the scope of the second paragraph with respect to foreign coins to those current or in actual use and circulation as money within the United States. Under these circumstances, with no decision implying such a limitation, the evidence known to the agent at the time of Bertram's arrest was sufficient to persuade a person of reasonable caution that Bertram had committed a crime. Because the agent had probable cause to arrest Bertram for a violation of 18 U.S.C. § 485, the incriminating firearms and the incriminating ATF forms 4473, being the fruit of a lawful search, were properly admitted into evidence.

For the above and foregoing reasons, Bertram's conviction is

AFFIRMED.