**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-40572

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ORLANDO AMAYA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

April 16, 1997

Before KING, PARKER, Circuit Judges, and ROSENTHAL,[*] District
Judge.

PARKER, Circuit Judge:

Orlando Amaya ("Amaya") appeals to this court arguing that his
plea of guilty to a drug charge was involuntary. We agree. For
the following reasons, we vacate the conviction and remand the case
for Amaya to replead.

## FACTS

Amaya entered a plea of guilty, pursuant to a plea agreement,
to a charge of aiding and abetting possession with intent to

---

[*]    District Judge of the Southern District of Texas, sitting by
designation.

distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  In exchange for the plea, the Government agreed to move to dismiss a charge of conspiracy to possess with intent to distribute in excess of five kilograms of cocaine and to refrain from prosecuting Amaya further in the Southern District of Texas for offenses arising from the conduct charged in the indictment.  In the plea agreement, the Government reserved the option to act within its discretion to move for a departure from the applicable sentencing guidelines pursuant to § 5K of the Sentencing Guidelines[2] or Rule 35(b)[3] of the Federal Rules of Criminal Procedure.

At rearraignment, Amaya's attorney stated that Amaya's plea was made "in return for a 5K request" and expressed concern that a different prosecutor might take over the case at the sentencing stage and <u>not</u> file a § 5K1.1 motion for a downward departure.  The district court assured Amaya that it would compel the Government to fulfill its side of the bargain provided that Amaya complied with the terms of the plea agreement.  It offered the following:

> [This court] has jurisdiction to treat the case as if a Section 5K1.1 motion had been filed in extraordinary circumstances where the Court sincerely feels that in good faith the defendants have complied with the substance of their plea agreement and even in the face of the refusal of the

---

[2]	U.S.S.G. § 5K1.1 allows for downward departure <u>upon a motion by the Government</u> stating that the defendant provided substantial assistance in the investigation or prosecution of another offender.

[3]	Fed. R. Crim. P. 35(b) provides that <u>on motion of the Government</u>, a court may reduce, post-sentencing, a defendant's sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another offender.

Government to do so....I am aware of the implications of what you have said, and I accept the pleas, if they are continued to be proffered, in the spirit of the respective offerings.

And later, still addressing Amaya's counsel's concern that the Government might not make the § 5K1.1 motion in the sentencing phase, the district court stated

I think it's safe to say...that if the defendants live up to their side, this Court will ensure that the Government lives up to its side. So have no apprehensions in that regard.

When taking Amaya's plea, the court referenced its explanation of the § 5K1.1 issue, stating,

And <u>subject to the conversation</u> that we have had here..., are those the terms of the agreement as you understood them and are those their terms generally acceptable to you?

(emphasis added). The Government did not refute the district court's assertion that it could, if Amaya fulfilled the conditions of the plea agreement, proceed in the sentencing phase as if a § 5K1.1 motion had been filed by the Government.

At sentencing, the Government did not move for a downward departure pursuant to § 5K1.1. The district court informed Amaya at that point that in fact, contrary to its earlier assertions, it had no power to inquire into the Government's decision not to file the motion, nor did it have the power to treat Amaya's fulfillment of the conditions of the plea agreement as if a § 5K1.1 motion had been filed.

*Wade v. United States* precludes the Court from making any inquiry into the circumstances surrounding the Government's election not to file a Section 5K1.1 motion except in unique circumstances where the Government's intent in that regard is

3

predicated upon invidious discriminatory basis. The District Court, according to the Supreme Court, is precluded from even making a factual inquiry into the matter unless it is manifestly clear from obvious bases that invidious discrimination is the motivation. In the absence thereof and the Court finding such representations in the record of these proceedings, the court is not empowered to make any inquiry of the Government, and in the absence of a 5K1.1 motion must contemplate the sentence pursuant to the statutory minimum.

Amaya's attorney moved to withdraw Amaya's guilty plea on the grounds that the Government did not file a § 5K1.1 motion. The district court denied the motion. The district court then sentenced Amaya to the lowest sentence in his guideline range and the statutory minimum of 120 months in prison and five years of supervised release.

Amaya's judgment of conviction was entered on February 2, 1993. Amaya timely noticed his appeal, however, his appeal was not prosecuted. Three years later, court-appointed counsel for Amaya requested that the district court construe Amaya's *pro se* motion under 28 U.S.C. § 2255 as a motion for permission to file an out-of-time appeal, and in June 1996, the district court granted Amaya permission to pursue an out-of-time appeal. He now appeals to this court.

## DISCUSSION

Amaya contends that his guilty plea was not offered knowingly and voluntarily, as required, *see Boykin v. Alabama*, 395 U.S. 238, 242-44, 89 S. Ct. 1709, 23 L. Ed. 2d (1969), because he lacked a full understanding of the plea and its consequences, *see Id.* at 243-44, as a result of the misimpression created by the district

4

court.[4]  The voluntariness of a guilty plea is a question of law that we review *de novo*.  *United States v. Howard*, 991 F.2d 195, 199 (5th Cir. 1993).

The district court was without the power to honor what it offered at Amaya's rearraignment.  Its comments at rearraignment suggested that even though the written plea agreement did not "bargain away" the Government's discretion not to file a § 5K1.1 motion, the district court would (1) independently consider whether Amaya had complied with the terms of the plea agreement, and (2) if it was satisfied that he had, it would regard the circumstance as if the Government had filed a § 5K1.1 motion for a downward departure.[5]  Amaya entered his plea only after hearing such

---

[4]    Amaya also argued a second issue in his brief, that the Government had breached the plea agreement, but at oral argument counsel for Amaya offered that that argument was foreclosed by a previous panel opinion, *United States v. Garcia-Bonilla*, 11 F.3d 45 (5th Cir. 1993), and waived the issue.  Thus, we do not address that argument.  *See*, *e.g.*, *United States v. Bertram*, 719 F.2d 735, 737 n.3 (5th Cir. 1983).

[5]    The district court was apparently moved to offer such assurances based on its observations of other plea agreements and we note its concerns as offered at Amaya's sentencing hearing.

> And this happens with some frequency, where there is lots of talk of Section 5K1.1 motions at time of plea, and then that magically disappears at the time of sentencing.
>                    . . .
> [T]his is an epidemic problem that's occurring in this court.  Every time I take a plea with the United States Attorney's office, there is lots of discussion about 5K1.1 at the time of taking of the plea and then once in a while a Section 5K1.1 motion is, in fact, filed, but much more often than not, there isn't. Now, I realize that there is some discussion at the time with regard to the nature of the help and that sort of thing.  But what I respectfully suggest, recognizing separation of powers and knowing that I am not empowered to tell the United States Attorney's's office how to do its job, I suggest that it's going to make it easier for all of us, and avoid protracted appellate scrutiny on a redundant basis of the issue, for the U.S. Attorney's office to make it very much clearer

assurances. However, the district court's offerings at rearraignment were misrepresentations in that absent allegations of unconstitutional motive in the Government's handling of a § 5K1.1 motion, the district court could not even address the issue of Amaya's substantial assistance, the predicate for a § 5K1.1 motion, much less grant a downward departure on such a basis without a § 5K1.1 motion from the Government. *Wade v. United States*, 504 U.S. 181, 112 S. Ct. 1840, 118 L. Ed. 2d 524 (1992); U.S.S.G. § 5K1.1 ("Upon motion of the government stating that the defendant has provided substantial assistance..., the court may depart from these guidelines") (emphasis added); *see also Melendez v. United States*, -- U.S. --, 116 S. Ct. 2057, 2061, 135 L. Ed. 2d 427 (1996); *United States v. Price*, 95 F.3d 364, 367 (5th Cir. 1996).

The Government does not dispute that there was a misrepresentation made to Amaya at his rearraignment. It offers only the argument that the evidence of Amaya's guilt would have led Amaya to plead guilty regardless of the district court's statements, and thus we should ignore those misrepresentations. The Government's argument has been rejected by the Supreme Court and we likewise reject it as irrelevant to the issue at hand. *See Henderson v. Morgan*, 426 U.S. 637, 644-45, 96 S. Ct. 2253, 2257, 49

---

and unambiguous to prospective defendants and defense counsel exactly what is contemplated in the discussion of 5K1.1. Does it involve only the willingness to completely debrief and to give whatever information they know, or does it have to meet some threshold test of value or benefit. Because I'm troubled by the notion that a defendant is seemingly induced to plead on the impled promise of a motion which is then not forthcoming at the time of sentence.

L. Ed. 2d 108 (1976) (even with "overwhelming evidence of guilt" "a plea cannot support a judgment of guilt unless it was voluntary"); *see also United States ex rel. Healey v. Cannon*, 553 F.2d 1052, 1057 n.7 (7th Cir. 1977) ("In reviewing a guilty plea,...the record is not explored for evidence supporting the defendant's admission of guilt.  Rather, the only pertinent question is whether the voluntariness of the plea or its intelligent character has been infected by constitutional error.").

A situation in which a defendant is induced by deception, an unfulfillable promise, or misrepresentation to enter a plea of guilty does not meet the standard for voluntariness articulated by the Supreme Court.  Such renders a plea involuntary.

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him <u>by the court</u>, prosecutor, or his own counsel, must stand <u>unless</u> induced by threats (or promises to discontinue improper harassment), <u>misrepresentation</u> (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper...

*Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472, 25 L. Ed. 2d 747 (1970)(quoting *Shelton v. United States*, 246 F.2d 571, 572 n.2 (5th Cir. 1957) (*en banc*), *rev'd on other grounds*, 356 U.S. 26, 78 S. Ct. 563, 2 L. Ed. 2d 579 (1958)) (emphasis added). *See also Mabry v. Johnson*, 467 U.S. 504, 509, 510, 104 S. Ct. 2543, 2547, 2548, 81 L. Ed. 2d 437 (1984) (explaining that where plea not product of "governmental deception" or "unfulfilled promise," voluntariness and intelligence requirements satisfied and noting that where defendant pleads guilty "on a false premise," conviction cannot stand); *Finch v. Vaughn*, 67 F.3d 909, 916 (11th Cir. 1995)

7

("untenable sentencing information" provided by state trial judge and counsel "upon whom he was entitled to rely...especially, the state judge," rendered defendant's guilty plea involuntary).

In light of the fact that Amaya pleaded guilty under the mistaken belief, offered and fostered by the district court and not corrected by any counsel to the case, that the district court could *sua sponte* examine Amaya's "substantial assistance" eligibility for a § 5K1.1 downward departure and *sua sponte* make a § 5K1.1 downward departure in sentencing, and that Amaya sought to retract that plea once the district court acknowledged its inability to make such a commitment, we cannot find that Amaya pleaded guilty voluntarily and knowingly. *See Finch*, 67 F.3d 909; *United States v. Cortez*, 973 F.2d 764 (9th Cir. 1992) (finding plea involuntary where district court made explicit misrepresentations to defendant that defendant's right to make a selective prosecution motion was preserved even after pleading guilty).

## CONCLUSION

For the foregoing reasons, we VACATE the conviction and REMAND so that Amaya may plead anew.