IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50016
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BENJAMIN DELGADO NAVEJAR, JR.,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-90-CR-170-ALL
- - - - - - - - - -
September 14, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Benjamin Delgado Navejar, Jr., appeals his guilty-plea convictions of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) (Count 1), and carrying a firearm during a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count 2). The district court permitted this out-of-time appeal after Navejar successfully argued in a 28 U.S.C. § 2255 collateral proceeding that his appointed attorney had performed ineffectively by failing to file an appeal on his behalf.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Navejar contends that his guilty plea was entered involuntarily because his plea agreement contained a paragraph that amounted to an "illusory" promise that Count 3 of the indictment would be dismissed. Count 3 charged Navejar with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and with an accompanying Armed Career Criminal Act ("ACCA") sentencing enhancement under 18 U.S.C. § 924(e). When a defendant is induced "by deception, an unfulfillable promise, or misrepresentation to enter a plea of guilty," the plea "does not meet the standard for voluntariness articulated by the Supreme Court," and the plea is rendered involuntary. United States v. Amaya, 111 F.3d 386, 389 (5th Cir. 1997).

Navejar does not suggest that the plea-agreement paragraph contained false statements, that it misrepresented the facts of the case or the law applicable to it, or that Count 3 was not in fact dismissed. Instead, he appears to contend that the paragraph was illusory because it promised a sentencing benefit when the paragraph, even after being carried out, did not affect his overall sentence. Navejar overlooks the fact that the dismissal of an indictment count was itself a benefit to him, even if it did not affect his overall sentence.

Moreover, Navejar has not convincingly supported his conclusional assertion that this paragraph "induced" his decision to plead guilty. That decision appears to have been induced instead by the agreement between himself and the Government that he would receive a total sentence of 270 months in prison and by the Government's indication that it would move for a FED. R. CRIM.

P. 35(b) downward departure if Navejar, in the Government's estimation, provided substantial assistance to the Government in the investigation or prosecution of another person.  Navejar's involuntary-guilty-plea claim is meritless.

AFFIRMED.