**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 00-40336**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**LUIS HUMBERTO DELGADO,**

**Defendant-Appellant.**

---

Appeal from the United States District Court
For the Southern District of Texas

(C-99-CR-165-1)

---

March 16, 2001

Before REAVLEY, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Luis Humberto Delgado appeals his conviction and sentence for possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A). He argues that (1) his guilty plea was involuntary because he did not fully understand the nature of the charge to which he pleaded guilty, in violation of the Constitution and Federal Rule of Criminal Procedure 11(c)(1), and

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2) the district court erred in not applying the safety valve provision of 18 U.S.C. § 3553(f) and U.S. Sentencing Guidelines Manual § 5C1.2.

In June 1999, Delgado was charged in a one-count indictment with possession with intent to distribute twenty-five kilograms of heroin, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A).  On September 1, 1999, Delgado pleaded guilty to the charge set forth in the indictment pursuant to a plea agreement, which provided for the government to recommend credit for acceptance of responsibility and to make a motion for downward departure in the event that Delgado provided substantial assistance.  During that arraignment, the district court asked Delgado if on the day in question, he knowingly and intentionally possessed heroin with the intent to distribute.  Delgado answered in the affirmative.  Thereafter, the government proffered the information.  Delgado agreed that the government had presented a truthful rendition of the facts, but in response to the district court's questions about transporting heroin, he explained that he did not know what kind of illegal products he was transporting.  Delgado stated that he thought that the products were weapons, ammunition, or possibly drugs.  An extensive colloquy followed between the district court and Delgado, during which Delgado contradicted the statement that he believed that he was transporting drugs.  Upon hearing that contradiction, the district court decided to set the case for trial.  Delgado, however, backtracked again, indicating that he did realize that he

might have been transporting illegal drugs. The district court ultimately accepted the plea, found Delgado guilty, ordered preparation of a presentence investigation report, and set the case for sentencing.

On November 24, 1999, Delgado appeared for sentencing. The district court asked Delgado's counsel if the guidelines were correctly calculated for a range of 135 to 168 months of imprisonment. Delgado's counsel responded that the range was incorrect because there had been a debriefing that entitled Delgado to relief from the statutory minimum sentence under the so-called safety valve provision, 18 U.S.C. § 3553(f) and U.S. Sentencing Guidelines Manual § 5C1.2. The district court then proceeded to conduct an evidentiary hearing to determine if Delgado was eligible for the safety valve and had provided the information required by § 3553(f)(5) and § 5C1.2(5). Afterwards, the sentencing was reset for another date.

On January 6, 2000, Delgado again appeared for sentencing. At that time, Delgado's counsel agreed that the guidelines provided for an imprisonment range of 135 to 168 months. Thereafter, the district court sentenced Delgado to a 135-month term of confinement to be followed by a five-year term of supervised release. Delgado filed a pro se pleading within ten days of the entry of judgment, which the district court construed as a timely notice of appeal. As a result, his appeal is now before this court.

We review de novo the voluntariness of a defendant's guilty

3

plea.  *United States v. Amaya*, 111 F.3d 386, 388 (5th Cir. 1997).

During Delgado's arraignment, the district court addressed the elements of the offense; inquired whether Delgado had consulted with his attorney regarding the charge contained in the indictment; questioned him about his competency to enter a plea; asked whether anyone had coerced him to plead guilty or promised him anything for his plea; explained that his guilty plea waived his constitutional rights to a trial by jury with the assistance of counsel, to confront and cross-examine adverse witnesses, and against self-incrimination; and informed him of the maximum sentence he faced. Although the colloquy initially revealed Delgado's uncertainty as to whether he knowingly and intentionally possessed heroin with intent to distribute, Delgado later clearly indicated that he did believe that he might have been transporting drugs, and we have no reason to doubt that he understood the plea that he entered.

As for Delgado's second point of error, we generally review a district court's refusal to apply the safety valve provision for clear error.  *United States v. Edwards*, 65 F.3d 430, 433 (5th Cir. 1995).  Here, we review Delgado's claim for plain error because at the second sentencing hearing, his counsel concurred with the government that a sentence of 135 months was appropriate and did not maintain the objection regarding the safety valve provision. *United States v. Dabeit*, 231 F.3d 979, 983 (5th Cir. 2000), *cert. denied*, No. 00-8299, 2001 WL 77067 (U.S. Feb. 26, 2001).  Under

4

either standard, there was no error on the part of the district court, based on the testimony heard at the sentencing hearing.

Thus, having thoroughly reviewed the briefs and pertinent portions of the record, in addition to hearing oral argument, we conclude that the district court did not err in accepting Delgado's plea of guilty and in refusing to apply the safety valve provision to his sentence. Accordingly, the conviction and sentence are **AFFIRMED.**