United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

————————————————

No. 04-50445
Summary Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE F. SANCHEZ-ANGELES,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CR-309-ALL

————————————————

Before GARWOOD, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

On February 17, 2004, Jose F. Sanchez-Angeles pleaded guilty to all counts of a five-count indictment in which he was charged with: count (1) conspiring to smuggle, transport, and harbor illegal aliens in violation of 8 U.S.C. § 1324; count (2) harboring illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii); count

———————————

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

(3) providing a firearm to an illegal alien in violation of 18 U.S.C. § 922(d)(5)(A); count (4) conspiring to use a firearm during a crime of violence as alleged in count (5), in violation of 18 U.S.C. §§ 924(c) and 924(o); and count (5) conspiring to take one or more hostages in violation of 18 U.S.C. § 1203. Each count also alleged aiding and abetting under 18 U.S.C. § 2. On April 22, 2004, Sanchez-Angeles was sentenced to, *inter alia*, imprisonment for concurrent terms of 120 months on counts (1), (2) and (3), 240 months on count (4) and life on count (5), as well as to concurrent terms of supervised release of three years on each of counts (1) through (4) and five years on count (5). He appeals both his conviction and his sentence. We affirm.

## I.

We review the validity of a guilty plea *de novo*. *United States v. Amaya*, 111 F.3d 386, 388 (5th Cir. 1997). The plain error standard also applies because Sanchez-Angeles raised neither of his two Rule 11 objections below. *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002) (citation omitted). He must, therefore, demonstrate an (1) error that was (2) plain and which (3) affected his substantial rights. *United States v. Olano*, 113 S. Ct. 1770, 1776 (1993). If he can do this, we may in our discretion reverse if the error compromises the fairness, integrity, or public reputation of the judiciary. *Id.*

In broad strokes, Sanchez-Angeles was convicted of

participating in a conspiracy to transport illegal aliens from the Mexican border to a "stash" house in Austin, Texas. Aliens who could not immediately pay their smuggling fee would be locked in a room until a third-party such as a family member came forward with the money. The aliens were further prevented from escaping by "enforcers," who were themselves illegal aliens, armed with a shotgun.

Sanchez-Angeles first contends that his guilty plea was involuntary because, after the magistrate judge read the five counts during his Rule 11 plea colloquy, he told the court that he did not want to plead guilty to the two weapons charges (counts (3) and (4)). As reflected in the transcript of the proceeding, the magistrate judge immediately called a recess to allow Sanchez-Angeles an opportunity to confer with his attorney. Following the recess, the magistrate judge asked Sanchez-Angeles whether he had any reservations about pleading guilty to the five counts, and, repeatedly, that he did so freely and voluntarily and because he was guilty and not for any other reason. Sanchez-Angeles unambiguously responded that he pleaded guilty to all five counts. In this instance, as throughout the colloquy, the magistrate judge adhered scrupulously to the requirements of Rule 11 and there is nothing in this passing moment of uncertainty to suggest that Sanchez-Angeles' plea was not voluntary and intelligent under *Boykin v. Alabama*, 89 S. Ct. 1709, 1712 (1969),

3

and its progeny.  Sanchez-Angeles has, in other words, failed to establish any error, much less one that affected his substantial rights.

Sanchez-Angeles next argues that the factual basis for his guilty plea, as set forth by the prosecutor during the Rule 11 hearing, was insufficient to support his conspiracy and aiding and abetting conviction for hostage taking under 18 U.S.C. § 1203 because the prosecutor never asserted that the conspirators detained the illegal aliens in a manner that was inconsistent with the smuggling agreement.[1]  The elements of hostage-taking in violation of 18 U.S.C. § 1203 are "that the defendant 1) seized or detained another person, 2) threatened to kill, injure, or continue to detain that person, 3) with the purpose of compelling a third person or governmental entity to act in some way, or to refrain from acting in some way."  *United States v. Carrion-*

---

[1] Sanchez-Angeles also argues that the factual basis for his guilty plea was inadequate because the prosecutor did not assert that Sanchez-Angeles personally detained the illegal aliens. This contention lacks merit.  Sanchez-Angeles pleaded guilty to conspiring to violate and aiding and abetting violation of § 1203 and the facts asserted by the prosecutor unequivocally established a conspiracy and aiding and abetting.  The prosecutor asserted that the evidence would show, *inter alia*, that the illegal aliens were driven to the house (where they were detained, against their will) by Sanchez-Angeles who furnished the shotgun and ammunition to others who prevented the aliens from leaving until their smuggling fees were paid and that Sanchez-Angeles had caused the windows of the house to be boarded up and the locks changed.  Sanchez-Angeles stated that he understood the prosecutor's assertions and that they "accurately state what happened."

*Caliz*, 944 F.2d 220, 223 (5th Cir. 1991).  Even if the illegal aliens initially consented to the smuggling arrangement, such a contract was void *ab initio* and conferred no right on Sanchez-Angeles to engage in conduct that would otherwise violate section 1203.  *Id.* at 226 ("[T]he dispositive question is not whether [the hostages] initially agreed to go to [the hostage taker's] house, but rather whether [the hostages] later were detained or confined there against their will."); *United States v. Si Lu Tian*, 339 F.3d 143, 152-53 (2d Cir. 2003) ("A person who agrees to be confined, held for ransom, and beaten may nevertheless unilaterally revoke that arrangement at any time, and the contractual nature of the detention does not run counter to a finding that a person who wishes to be free is being detained against her will.").  The facts described by the prosecutor amply reflect that the illegal aliens confined in the stash house had been seized and detained in a manner proscribed by the statute. Once again, Sanchez-Angeles has failed even to identify an error, much less one that requires reversal.

## II.

Sanchez-Angeles, also for the first time on appeal, attacks his life sentence under *United States v. Booker*, 125 S. Ct. 738 (2005).  We review his objection under the plain error standard of *Olano*, *supra*.

Sanchez-Angeles has established an error that was plain

insofar as the district court sentenced him under the guidelines when those guidelines were mandatory and sentenced him in part on the basis of facts to which he did not admit during his plea hearing. 125 S. Ct. at 755-56. Yet this alone is insufficient to warrant remand for resentencing. Under *United States v. Mares*, 402 F.3d 511, 520-21 (5th Cir. 2005), Sanchez-Angeles must in addition make an affirmative showing that the district court would have imposed a lesser sentence under an advisory, rather than mandatory, guidelines regime. *See also United States v. Holmes*, No. 03-41738, 5th Cir. April 6, 2005, Slip Op. 2160. Not only does Sanchez-Angeles not meet this burden, he does not even attempt to do so, arguing instead only that the many enhancements applied to his base sentences are unconstitutional *per se*. This, however, is not a cognizable *Booker* argument and reflects a fundamental misunderstanding of the case.

Conclusion

For the foregoing reasons, the judgment and sentence of the district court is

AFFIRMED.

6