United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 5, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60706
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BJORN JAMAL GREEN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:05-CR-59
--------------------

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges

PER CURIAM:[*]

Bjorn Jamal Green pleaded guilty to possession of a firearm by a prior convicted felon and was sentenced to 70 months of imprisonment, three years of supervised release, and a $100 special assessment.

Green argues on appeal that his counsel was ineffective for informing him before he pleaded guilty that he could be sentenced to up to 15 years of imprisonment, when in fact his maximum sentence was only 10 years of imprisonment. He contends that he would not have pleaded guilty if he had known that the maximum

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence that he faced was 10 years of imprisonment and that, as a result, his guilty plea was involuntary.

Because Green raised these issues in the district court, they are reviewed de novo. See United States v. Bass, 310 F.3d 321 (5th Cir. 2002); United States v. Amaya, 111 F.3d 386, 388 (5th Cir. 1997).

The record has not been developed as to whether Green's counsel in fact incorrectly told him that his maximum sentence was 15 years of imprisonment. However, even if Green's counsel did incorrectly inform him about his maximum term of imprisonment, Green was correctly informed about his maximum term of imprisonment both in his written plea agreement and at his plea hearing. Accordingly, Green has not shown that his guilty plea was not made knowingly and voluntarily. See United States v. Rivera, 898 F.2d 442, 447 (5th Cir. 1990). For the same reason, Green has not shown that he was prejudiced by his counsel's actions, and thus he has not shown that he received ineffective assistance of counsel concerning this issue. See Strickland v. Washington, 466 U.S. 668, 694 (1984).

Green also argues that the Government violated Brady v. Maryland, 373 U.S. 83 (1963), when it withheld certain fingerprint analysis evidence. However, Green waived this issue with his valid guilty plea. See United States v. Lampazianie, 251 F.3d 519, 526 (5th Cir. 2001); United States v. Diaz, 733 F.2d 371, 376 (5th Cir. 1984).

Green asserts that his counsel was ineffective for failing to obtain a fingerprint analysis from the Government. Green also wishes reserve for further appellate review the issue whether the crime of burglary of an unoccupied dwelling constituted a "crime of violence" for purposes of determining his base offense level. However, because he has not adequately briefed these issues, he has abandoned them. See Hughes v. Johnson, 191 F.3d 607, 612-13 (5th Cir. 1999).

Green asserts that he wishes to reserve the right to raise on habeas review any ineffective assistance of counsel claims not raised on direct appeal. Because the record was not developed as to any other ineffective assistance of counsel issues, Green should not be precluded from raising those issues on habeas review. See United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987).

Green's request to preserve for direct appellate or habeas review the district court's denial of his motion to suppress in the event that this court "orders the case to trial" is denied as unnecessary.

AFFIRMED.