# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 25, 2010

Lyle W. Cayce
Clerk

No. 10-30136
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JIMIYU VERNON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CR-79-1

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jimiyu Vernon, federal prisoner # 30572-034, pleaded guilty to possessing with intent to distribute 50 grams or more of cocaine base and cocaine hydrochloride and with possession of a firearm in furtherance of a drug trafficking offense.  He currently appeals the district court's denial of his motion to compel specific performance of the plea agreement by ordering the Government to file a motion for a reduction of his sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rule 35(b) does not provide a jurisdictional basis upon which to entertain Vernon's motion. *See United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994). Vernon has made nothing more than a "generalized allegation[] of improper motive," which does not warrant relief or an evidentiary hearing. *See Wade v. United States*, 504 U.S. 181, 186 (1992). Additionally, the language of the plea agreement reflects that the Government did not surrender its discretion to file a motion for a reduction of sentence. *See United States v. Price*, 95 F.3d 364, 368 (5th Cir. 1996).

Vernon contends that agents of the Government assured him prior to the entry of the guilty plea that he had in fact provided substantial assistance warranting a motion for a reduced sentence, and that the Government's failure to do so thus rendered his guilty plea involuntary. This contention is more properly raised in the context of a direct appeal or in a 28 U.S.C. § 2255 motion. *See United States v. Amaya*, 111 F.3d 386, 388-89 (5th Cir. 1997); *United States v. Nuckols*, 606 F.2d 566, 568 (5th Cir. 1979). Even if this court considered Vernon's motion for specific performance as a request for leave to amend the § 2255 motion pending at the time it was filed, Vernon has not established that he was entitled to relief because the amendment would be futile. *See Lowrey v. Texas A&M University System*, 117 F.3d 242, 245 (5th Cir. 1997); *United States v. Smith*, 915 F.2d 959, 963 (5th Cir. 1990); *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). Consequently, the judgment of the district court is AFFIRMED.