**UNITED STATES of America,**
**Plaintiff/Appellee,**

v.

**George Warren FIELDS,**
**Defendant/Appellant.**

**No. 89-7004.**

United States Court of Appeals,
Fifth Circuit.

July 5, 1990.

Tom Broussard, Broussard & Broussard, Austin, Tex., (court-appointed), for defendant/appellant.

Richard L. Durbin, Jr., and Leroy Morgan Hahn, Asst. U.S. Attys., and Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff/appellee.

Before GARZA, HIGGINBOTHAM, and DUHÉ, Circuit Judges.

GARZA, Circuit Judge:

George Warren Fields appeals his sentence for conviction of narcotics violations, seeking either a withdrawal of his guilty plea or a remand to the district court for a new trial or further sentencing. For the reasons cited herein, we affirm.

## I. The Facts.

Pursuant to a prior agreement, Appellant, George Warren Fields, met with a confidential informant to purchase two hundred pounds of marijuana on September 12, 1988. The meeting took place and the marijuana transferred together with an itemized list. Appellant was arrested as he attempted to leave the parking lot in the marijuana-laden vehicle.

On September 13, 1988, Appellant George Warren Fields was charged by Criminal Complaint filed in the Austin Division of the Western District of Texas with unlawfully possessing with intent to distribute and conspiring to possess with in-

tent to distribute 200 pounds of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. On September 20, 1988, a grand jury returned a true bill of indictment charging Appellant in two counts of an eight count indictment with conspiracy to possess with intent to distribute more than 100 kilograms of marijuana and possession with intent to distribute more than 100 kilograms of marijuana. The Indictment named Richard Thel Williams as a codefendant, charging Williams in all eight counts.

On January 31, 1989, the United States Attorney for the Western District of Texas filed a superseding Information, charging Appellant with having unlawfully conspired to possess with intent to distribute more than 50 kilograms of marijuana, pursuant to a Plea Agreement filed on the same date. A written waiver of indictment was also filed on January 31, signed by Appellant and his attorney.

On February 3, 1989, Appellant waived indictment in open court, and pled guilty to the offense charged in the superseding information.

At the time of sentencing, the presentence report stated that Fields had failed to accept responsibility under Sentencing Guidelines § 3E1.1(a) and that he was not a minor participant under § 3B1.2(b). Appellant objected to these portions of the report, and the district court overruled the objections. On September 28, 1989, the district court sentenced Appellant under the Sentencing Guidelines to a term of imprisonment for 51 months, a fine in the amount of $10,000.00, and a term of supervised release for five years.

Appellant filed a motion for new trial, seeking reconsideration of his sentence on the basis of the allegedly broken plea agreement on October 3, 1989, and notice of appeal on October 6, 1989.

After Fields filed his brief in this Court, the district court held a hearing on his motion for new trial. The government asserted that, although Fields did perform the debriefing pursuant to the plea agreement, his cooperation was neither truthful

nor complete. The government did, however, file a Rule 35 motion for correction of the sentence, urging the district judge to reconsider his sentence and to consider a downward departure if the court should find that Fields had rendered substantial assistance. A DEA agent named Hildreth testified at the hearing that Fields was not truthful during his debriefing. The district court found that Fields had not rendered substantial assistance and denied both Fields motion and the government's Rule 35 motion. Fields filed a supplemental brief in this Court.

## II. The Law.

### A. The Plea Agreement.

■ Appellant asserts that the government violated the plea agreement by not recommending a downward departure from the Sentencing Guidelines in exchange for Fields testimony against his codefendant. In support of this argument, Appellant points to a letter from the Assistant United States Attorney to Appellant's counsel dated January 25, 1989, which demonstrates that a downward departure was considered.

1. The letter provides in pertinent part as follows:

> Pursuant to our discussions that it is understood that if your client fully and truthfully debriefs and cooperates with law-enforcement officers, and agrees to testify against his codefendant and whenever he is called upon to do so pursuant to paragraph four of the plea agreement, The United States will inform the Court that it believes a downward departure is appropriate. Any recommendation by me for a downward departure will be based upon your client's full debriefing and cooperation [emphasis in original].

2. The Plea Agreement provides in pertinent part as follows:

> Section 4. The defendant will give a full, complete, and truthful statement to law-enforcement authorities concerning his knowledge of drug trafficking and other criminal activities, both as it relates to the charges in the Information and Indictment as well as any other criminal activity. It is specifically agreed and understood that this plea agreement contemplates the full and honest cooperation of the defendant at all times, and that this agreement does not immunize or insulate him from penalties of perjury, making false statements, or obstruction of justice in con-

However, the letter specifically sets out the condition of full debriefing and cooperation.[1] Without question, the condition of the letter was not satisfied by Appellant. However, Appellant contends that the letter was the item that induced his guilty plea. Thus contending, if the government viewed the conditions of the letter to be violated then they should have notified Appellant and allowed him to withdraw his guilty plea.

Not surprisingly, the government asserts a different version of who was and was not in compliance. The government points to Section 4 of the plea agreement which states "defendant will give a full, complete, and truthful statement to law-enforcement authorities...."[2] This section of the plea agreement is referenced in the letter from the U.S. Attorney's office. However, the letter is not a part of the plea agreement and thus cannot be considered as part of the bargain. As a result, the recommendation of a downward departure was not a condition of the guilty plea, but rather a condition for full cooperation.

The consideration for the guilty plea was the reduction in charges, which is outlined

> nection with this or other investigations and trials. Such cooperation includes, but is not limited to the aforementioned truthful statement to law enforcement officers, and truthful testimony in any proceedings that may arise in relation to this prosecution or any other proceeding wherein he would be called to testify. Any subsequent prosecutions against GEORGE WARREN FIELDS by the United States Attorney for the Western District of Texas shall not be based upon statements, testimony, or cooperation of GEORGE WARREN FIELDS which is derived from this agreement. Statements of GEORGE WARREN FIELDS and evidence derived therefrom may, however, be used in cross-examination or in rebuttal in any proceeding.
>
> *       *       *       *       *       *
>
> Section 6. The United States agrees to make known to the Court, prior to sentencing, the cooperation of and veracity of the defendant concerning this investigation and trial, and of any other matters in which he may provide assistance.
> Section 7. Should the defendant fail to meet his obligations under this agreement, the United States Attorney for the Western District of Texas would be released from any duty to comply with this plea agreement....
> Appellant and his attorneys both signed the above-quoted plea agreement.

in the plea agreement.[3] Since the government did not change the items that induced the guilty plea, the plea was correctly ruled to remain.

The two documents, when read together, demonstrate the agreement that if Appellant gave a full debriefing and his full cooperation then the government would recommend a downward departure. The government says that they did not recommend the downward departure due to Appellant's failure to truthfully and fully disclose his participation in marijuana trafficking. Appellant asserts that it was the government who did not comply with the bargain. The government cleverly remedied the situation by making a motion for downward departure in the event that the district court found "substantial compliance" on the part of Appellant.

When the district court became aware of this conflict, a hearing was held on the Appellant's motion for a new trial. At this hearing, Drug Enforcement Administration Special Agent Gray Hildreth testified as to the falsities in Appellant's debriefing. At the conclusion of the hearing, the district court found that Appellant did not provide "substantial assistance" to law enforcement authorities warranting a downward departure. The district court denied both Appellant's motion for new trial and the government's motion for a downward departure.

### B. Accepting Responsibility.

█ In order to receive the two offense-level reduction called for by § 3E1.1(a) of the Sentencing Guidelines, a defendant bears the burden of "clearly demonstrat[ing] a recognition and affirmative acceptance of personal responsibility for his criminal conduct." A guilty plea "may provide some evidence of," but "does not automatically entitle the defendant to a sentencing adjustment" for acceptance of responsibility. *Id.*

In reviewing the district court's findings, this Court must "accept the findings of fact of the district court unless they are clearly erroneous." 18 U.S.C. § 3742(d); *United States v. Mejia–Orosco,* 867 F.2d 216, 221 (5th Cir.1989). In determining whether findings of fact are clearly erroneous, this Court follows the mandate of the Supreme Court in *Anderson v. City of Bessemer,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). In *Bessemer,* the Supreme Court instructed that

> [i]f the district court's account of the evidence is plausible in light of the record reviewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as a trier of fact, it would have weighed the evidence differently.

*Id.* at 573–74, 105 S.Ct. at 1511.

Examining the entire record, including the hearing on the motion for new trial, the district court absolved any failure to comply with Federal Rule of Criminal Procedure, Rule 32, when the factual record was supplemented with the findings from the hearing on the motion for new trial. After all, it was not until this hearing that all of the facts as to defendant disclosure and the veracity thereof became known to the district court. Affording the district court the appropriate discretion, the finding of failure to accept responsibility is affirmed.

### C. Minor Participant.

Appellant asserts that the district court erred in refusing to characterize him as a "minor" participant under Sentencing Guideline § 3B1.2(b). Appellant is again burdened with the onerous standard of review previously outlined.

█ In viewing the evidence, the trial judge is not bound to accept the defendant's own declarations, made with the purpose of reducing his sentence, about the circumstances of his crime. *United States v. Buenrostro,* 868 F.2d 135, 138 (5th Cir. 1989). Appellant asserts that he was only a drug courier and not a partner in the transaction. However, the record also indicates that Appellant was a joint venturer, specifically that Appellant would receive

---

**3.** *See United States v. Taylor,* 868 F.2d 125, 126–27 (5th Cir.1989); *United States v. Justice,* 877 F.2d 664 (8th Cir.) *cert. denied,* —— U.S. ——, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989).

half of the 200 pounds of marijuana he was picking up.

The record amply supports the district court's refusal to accord Appellant mitigation on the basis of his role in the offense.

## III. The End Result.

The plea agreement, standing alone, was not complied with by Appellant, yet Appellant asserts that he was entitled to a downward departure or a withdrawal of his guilty plea. On the United States Attorney's motion for downward departure upon a finding of "substantial assistance", the district court correctly determined the lack of veracity in Appellant's assistance and thereby denied both sides motions. In reviewing both findings negating Appellant's opportunity for a reduction, the district court was justified in its determinations that Appellant did not truthfully accept responsibility and did not qualify as a minor participant. Accordingly, the district court is, in all things,

AFFIRMED.