**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Steven Miles JOHNSON,
Defendant–Appellant.**

**No. 90–7050
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 25, 1991.

Rehearing and Rehearing En Banc Denied
May 23, 1991.

Timothy W. Crooks, Asst. Federal Public Defender, Ira R. Kirkendoll, Federal Public Defender, Fort Worth, Tex., for defendant-appellant.

Richard G. Roper, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before JOHNSON, SMITH and WIENER, Circuit Judges.

PER CURIAM:

Defendant–Appellant Steven Miles Johnson appeals his conviction, based on a conditional guilty plea, for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Johnson complains that the district court erred in refusing to suppress evidence obtained in a *Terry* stop which, Johnson argues, was not based on reasonable suspicion and went beyond the permissible scope in searching Johnson's effects for weapons. Finding that the district court committed no reversible error, we affirm.

## I.

During daylight hours in Arlington, Texas, police officer McRobbie noticed Johnson crouched on the front porch of an Arlington residence.[1] McRobbie saw no automobiles in the driveway but did see a motorcycle parked in the vicinity of the sidewalk and curb in front of the house. McRobbie knew that the neighborhood had suffered numerous robberies. Johnson remained crouched on the porch and fumbled through a duffel bag for about 30 or 40 seconds, looking up at Officer McRobbie and Officer McQuistion while telling them that he lived at the house. McRobbie thought that Johnson's behavior was consistent with a burglar's behavior.

McRobbie got out of his police car and approached the porch. McQuistion followed McRobbie at a distance of three to five feet. McRobbie asked Johnson for identification but Johnson said he had none. McRobbie saw a long knife in a sheath next to the duffel bag. McRobbie patted down Johnson for weapons, then noticed the outline of a gun in the pocket of a pair of overalls lying on top of the duffel bag.

McRobbie lifted the overalls, looked inside the pocket, and removed a revolver. McRobbie then arrested Johnson.

## II.

Johnson was indicted for possession of a firearm by a convicted felon, to which charge he pleaded not guilty. He then moved to suppress from evidence the revolver found during the search of the overalls. The district court held a suppression hearing and denied Johnson's motion. Johnson later changed his plea to guilty pursuant to a plea agreement, conditioning his plea on the outcome of this court's determination on appeal of the district court's suppression ruling. The district court accepted Johnson's conditional plea, and he timely filed a notice of appeal.

## III.

## DISCUSSION

A. Reasonable Suspicion—Articulable Facts

■ A police officer may pat down a detainee's outer clothing for weapons if, under the totality of circumstances, the officer harbors a reasonable suspicion, based on articulable facts, that the detainee is involved in criminal activity and that the detainee may be armed, and believes that a pat-down search is necessary to protect himself or others. *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968). Behavior that is consistent with innocence may nevertheless serve as the basis of reasonable suspicion. *Id.* at 22–23, 88 S.Ct. at 1880–81.

■■ An appellate court reviews *de novo* a district court's determination of reasonable suspicion. *United States v. Harrison*, 918 F.2d 469, 473 (5th Cir.1990). The reviewing court views the facts in suppres-

---

1. Reviewing courts accept the factual findings of district courts ruling on suppression-of-evidence issues "unless they are clearly erroneous or influenced by an incorrect view of the law." *United States v. Simmons*, 918 F.2d 476, 479 (5th Cir.1990). A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole. *United States v. Fields*, 906 F.2d

139, 142 (5th Cir.) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985)), *cert. denied,* — U.S. ——, 111 S.Ct. 200, 112 L.Ed.2d 162 (1990). The district court's factual findings are based on the testimony of Officers McRobbie and McQuistion. They are plausible in light of the record read as a whole.

sion cases in the light most favorable to the party that prevailed in the trial court, here the government. *United States v. Simmons*, 918 F.2d 476, 479 (5th Cir.1990).

■ Viewing the evidence in this case in that manner, we find that McRobbie's suspicions that Johnson might be engaged in criminal activity and that he might be armed were reasonable and were based on articulable facts. McRobbie was a veteran police officer. He saw Johnson crouched on the front porch of a house in a high crime neighborhood, with no automobiles in the driveway. Johnson was fumbling through a duffel bag. When McRobbie asked Johnson for identification, Johnson responded that he had none. McRobbie then saw a long knife on the porch next to Johnson and saw the outline of a handgun in a garment in reach of Johnson. Based on those facts, McRobbie could have reasonably inferred that Johnson wished to break into the house and that he was armed.

B. Special Scope of *Terry* Search

■ Johnson contends that, even if McRobbie harbored reasonable suspicion sufficient for a *Terry* search, the officer exceeded the permissible scope of such a search by checking Johnson's overalls for weapons. Johnson contends that McRobbie could have protected himself simply by removing the overalls from Johnson's reach during the encounter.

This issue is res nova in the Fifth Circuit; we are aware of no jurisprudence in this circuit governing the search of a detainee's effects for weapons during a *Terry* stop. Nevertheless, we find that, under the totality of the circumstances of this case, McRobbie's search of Johnson's overalls was permissible.

■ A *Terry* stop must "last no longer than is necessary to effect the purposes of the stop and should employ the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time." *United States v. Zukas*, 843 F.2d 179, 182 (5th Cir.1988), *cert. denied*, 490 U.S. 1019, 109 S.Ct. 1742, 104 L.Ed.2d 179 (1989). A police officer con-

ducting a *Terry* stop of an automobile driver may search the passenger areas of the automobile for weapons if he reasonably believes his safety would be threatened when the detainee re-enters the automobile. *Michigan v. Long*, 463 U.S. 1032, 1050–52, 103 S.Ct. 3469, 3481–82, 77 L.Ed.2d 1201 (1983). Police are not required to "adopt alternative means to ensure their safety in order to avoid the intrusion involved in a *Terry* encounter." *Id.* 463 U.S. at 1052, 103 S.Ct. at 3482.

The District of Columbia Circuit has applied the same rationale followed by the Supreme Court in *Long* to a non-automobile situation in which police officers searched a briefcase belonging to a person detained on the officers' reasonable suspicion. *United States v. McClinnhan*, 660 F.2d 500 (D.C.Cir.1981). The D.C. Circuit found that the officers had no alternative to searching the briefcase:

> They could do nothing at all, a course whose risks are obvious. They could have asked [the detainee] to open his briefcase, but had he refused, they would have been no better off than before. *Merely separating [the detainee] from his briefcase, as the officers did just before the search, would obviate the danger only for the length of the stop; at some point they would be compelled to return the briefcase to [the detainee] and thus place themselves in the danger they sought to avoid.*

*Id.* at 504 (emphasis added); *cf. United States v. Vaughan*, 718 F.2d 332, 335 (9th Cir.1983) ("The District Court was not clearly erroneous in finding that the agents could have felt the [thin, soft] briefcase without opening it to see if any weapons were in it and that the opening of the case to search further was not justified.").

■ We approve the application of the rationale of *Long* and *McClinnhan* to situations like Johnson's and hold that police may search containers or other effects within a detainee's reach whenever the police harbor a reasonable suspicion that the detainee may be armed and dangerous. Only such a holding would be consistent

with the *Long* principle that police are not required to "adopt alternative means to ensure their safety in order to avoid the intrusion involved in a *Terry* encounter." *Long,* 463 U.S. at 1052, 103 S.Ct. at 3482. As such, McRobbie's search of Johnson's overalls was within the permissible scope of this *Terry* search, particularly when viewed in light of McRobbie's observation of the outline of a handgun in the overalls, which were within Johnson's reach. McRobbie was reasonable in looking inside the pocket and in removing Johnson's revolver.

AFFIRMED.