**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-50086**
**Civil Docket # DR-98-CR-571-ALL-FB**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JUAN JOSE GALAN-MORALES, also known as Juan Jose Galan,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Western District of Texas
_____
April 17, 2002

Before JOLLY, JONES, and BARKSDALE, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

The appellant pled guilty to the charge of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. He was sentenced, _inter alia_, to 250 months imprisonment. On appeal, Galan asserts that the government breached the plea agreement by

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failing to request a downward departure and by failing to explain the full extent of Galan's cooperation to the district court at sentencing. He also denies that his guilty plea was supported by a sufficient factual basis and challenges the waiver of appeal in the plea agreement. Finding no reversible error, we affirm the conviction and sentence.

Twice in the written plea agreement, the government reserved the right to solely determine whether Galan's cooperation was truthful and substantial so as to encourage the government to recommend a downward departure under U.S.S.G. § 5K1.1. This court has held that when a plea agreement expressly states that the government retains sole discretion whether to submit a motion for downward departure, the refusal to do so is reviewable only for unconstitutional motives. United States v. Price, 95 F.3d 364, 368 (5th Cir. 1996). Galan's counsel downplays this rule by suggesting that in open court, both the judge and prosecutor made misleading statements to Galan concerning the government's discretion to suggest downward departure. Having reviewed pertinent portions of the transcripts of those hearings, we disagree with Galan's characterization of the record. In instances where the prosecutor referred to the possibility of a § 5K1.1 motion, he also said there were "no guarantees," and the district court's statements corroborate this explanation. Further, the cases cited by Galan are distinguishable, because they involve written cover letters

2

that effectively modified the written plea agreements.  See, e.g., United States v. Melton, 930 F.2d 1096, 1098 (5th Cir. 1991); United States v. Fields, 906 F.2d 139, 142 (5th Cir. 1990).  And in another case, this court looked outside the four corners of the plea agreement and found the defendant's guilty plea involuntary, because, during the rearraignment hearing, the district court misrepresented that it could consider a downward departure under § 5K1.1. even if the government did not make such a request. United States v. Amaya, 111 F.3d 386, 387-88 (5th Cir. 1997).  In sum, the statements made by the government, defense counsel and the district court at rearraignment were simply too ambiguous to overcome the clear language of the plea agreement.

Galan next argues that the government breached the plea agreement by failing to tell the district court at sentencing of the full extent of his cooperation.  Such an omission can breach a plea agreement when the agreement calls for the government to make known to the sentencing court the extent of the defendant's truthful and substantial cooperation.  United States v. Hooten, 942 F.2d 878, 883 (5th Cir. 1991).  The government's failure to inform the sentencing court of the defendant's assistance does not constitute reversible error, however, when the court is generally aware of the defendant's cooperation and the extent thereof.  Id. at 884.

The extent of Galan's cooperation became a matter of vigorous dispute, as Galan challenged the government's failure to request a § 5K1.1 downward departure. Although Galan testified for the government in the Iglesias prosecution, he had also sent letters to potential witnesses, at least one of which could be characterized as threatening. The government had determined Galan's effectiveness as a witness was ruined by these letters. Defense counsel also told the court that Galan gave information to the Customs people a few times; that his name was used as a potential witness by prosecutors in trying to induce other guilty pleas; and that he gave information to the government concerning dirty agents. A DEA agent testified concerning information he received from Galan about several individuals. As a result, the district court was generally informed from all these sources of the extent of Galan's cooperation. As we said in Hooten, "this case clearly does not present a situation in which the government's failure to act in a more affirmative manner violated the essence of the plea agreement so as to require resentencing." Hooten, 942 F.2d at 884.

Because Galan's challenge to the factual basis supporting his plea was not raised in the district court, we review it for plain error only. To be guilty of engaging in a continuing criminal enterprise, Galan must have "obtained substantial income or resources" from his involvement in a series of drug offenses.

4

21 U.S.C. § 848(c)(2)(B). Galan argues that the amount of income he obtained through his drug trafficking was not "substantial" as required by the CCE statute. During the rearraignment hearing, changes were made to the written factual basis for the plea, and the district court posed questions to Galan. Galan's written and oral statements indicate that he helped transport numerous loads of marijuana for $3,000 to $15,000 per load and that he received other considerable sums from drug proceeds. There was no error, much less plain error, in the district court's finding that the plea had a sufficient factual basis.

Galan's final issue challenges the sentence for his crime. This matter was, however, expressly waived in the plea agreement, and Galan has not established the unenforceability of that agreement.

For the foregoing reasons, the conviction and sentence are **AFFIRMED**.