# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 17, 2013

No. 12-30562

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MAYO GERARD BARNES,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-CR-189

Before DAVIS, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, Appellant Mayo Gerard Barnes ("Barnes") pleaded guilty to possession with intent to distribute 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Barnes was sentenced to the statutory mandatory minimum sentence of 120 months of imprisonment. § 841(b)(1)(A)(viii). Barnes now appeals.

## I. BREACH OF PLEA AGREEMENT

Barnes argues that the Government breached the plea agreement by failing to file a U.S.S.G. § 5K1.1 motion for downward departure based on

No. 12-30562

substantial assistance.[1]    Barnes concedes that the plea agreement does not require the Government to file a § 5K1.1 motion.  In fact, the plea agreement expressly provides that the Government retains the discretion to decide whether to file the motion.  Nonetheless, Barnes contends that the plea agreement was in large part induced by the discussions between the Government and defense counsel regarding the possibility of moving for downward departure.

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, [the] promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971).  To determine whether the terms of a plea bargain have been violated, this Court considers whether the Government's actions are consistent with the defendant's reasonable understanding of the plea agreement.  *United States v. Pizzolato*, 655 F.3d 403, 409 (5th Cir. 2011).  This Court applies general principles of contract law in interpreting the terms of the plea agreement.  *Id.*  Although Barnes did raise the issue of downward departure based on substantial assistance, he did not argue that the Government breached the plea agreement before the district court.  Thus, we review this issue for plain error.  Under plain error review, this Court finds "plain error only if: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *United States v. Gracia-Cantu*, 302 F.3d 308, 310 (5th Cir. 2002).  If a defendant proves these three elements, this Court has the "discretion to correct the error only if it seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation and internal quotation marks omitted).

---

[1]    Section 5K1.1 provides that:  "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

No. 12-30562

While Barnes's brief focuses on a downward departure based on substantial assistance, a review of the transcript of the guilty plea hearing reveals that the attorneys had actually discussed the possibility of a safety valve downward departure. *See* § 5C1.2. Additionally, although the court did explain that the agreement provided that the Government could file a motion for departure based on substantial assistance, neither counsel referred to substantial assistance as a basis for downward departure at the guilty plea hearing. Subsequently, at the sentencing hearing, it appears that Barnes's counsel was conflating or confusing the safety valve guideline's requirements for downward departure (§ 5C1.2)[2] with the substantial assistance guideline's requirements for downward departure (§ 5K1.1).[3] Both guidelines allow a district court to impose a sentence below a statutorily required minimum sentence under certain circumstances. Although both guidelines require that the defendant cooperate with the Government, the substantial assistance guideline requires that the Government move for the departure and that the defendant's cooperation result in "substantial assistance in the investigation or prosecution of another person who has committed an offense." § 5K1.1. In contrast, the safety valve simply requires "full disclosure," *United States v. Cong Van Pham*, 722 F.3d 320, 322 (5th Cir. 2013), "but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement." § 5C1.2(a)(5). Another difference between the two guidelines is that the safety valve requires that a defendant have no more than one criminal history point. *See* § 5C1.2(a)(1). Section 5K1.1 contains no such requirement.

---

[2]  Section 5C1.2 implements 18 U.S.C. § 3553(f).

[3]  Section 5K1.1 implements 18 U.S.C. § 3553(e).

No. 12-30562

In the instant case, during the guilty plea hearing, the court explained that there is a 10-year mandatory minimum prison sentence for the charged offense. The court addressed Barnes as follows: "Now, as [your defense counsel] has said, you may or may not qualify for something called the safety valve. Did you understand that?" Barnes replied that he did understand.

The district court questioned Barnes with respect to whether there were any "side agreements or gentleman's agreement that we have not discussed in the plea agreement?" Barnes replied: "No, ma'am." The court further inquired: "Has anyone made any promises to you other than in the plea agreement to make you want to plead guilty?" Barnes again replied: "No, ma'am." The court then asked the attorneys if there were "any other agreements not contained in the plea agreement?" The Government replied as follows:

> No, Your Honor. And just for the record, [Barnes's defense counsel] and I did discuss, I think briefly, the possibility of the safety valve. I expressed to him that I was not in a position to agree or disagree with it without further knowledge about his criminal history. So that's the only discussion that took place that's not contained in the plea agreement.

The Government asked defense counsel if he agreed, and Barnes's counsel responded: "That's correct, Your Honor." The court then addressed Barnes and explained that "no one knows that yet," apparently referring to whether he would receive the safety valve reduction. The court further explained that a presentence investigation would have to be conducted prior to sentencing.

Subsequently, at the sentencing hearing, Barnes's counsel stated to the court that the Government did not support a downward departure pursuant to the safety valve because Barnes was not able to provide substantial assistance. Recognizing that there may be some confusion with respect to which guideline the attorneys were addressing, the district court inquired: "Are we talking about safety valve or 5K?" The Government explained that it had addressed the issue

4

No. 12-30562

of substantial assistance only because defense counsel broached the subject. Moreover, the Government stated its position that Barnes was ineligible for the safety valve because of his criminal history points.

On appeal, Barnes accuses the Government of breaching the plea agreement by either (1) misrepresenting its support for a § 5K1.1 downward departure at the plea hearing, which falsely induced Barnes's guilty plea; or (2) refusing to support a motion for substantial assistance at the sentencing hearing. Barnes is mistaken. The record reveals that counsel's only discussion of downward departure at the plea hearing involved the safety valve guideline. At the plea hearing, the Government responded to the court that the attorneys had discussed a safety valve departure, but that it could not commit to supporting such a departure until after a presentence investigation to determine Barnes's criminal history.[4]

With respect to the substantial assistance guideline, "[a]bsent a motion for downward departure made by the Government, a sentencing court is without authority to grant a downward departure on the basis of substantial assistance under § 5K1.1." *United States v. Price*, 95 F.3d 364, 367 (5th Cir. 1996). Nevertheless, this Court's precedent explains that the Government can bargain away its discretion to file a motion under §5K1.1 if the plea agreement provides that the Government "will file" such a motion. *Id*. at 368. Here, however, the plea agreement expressly provided that whether to file a departure motion based on substantial assistance "shall be in the sole and non-reviewable discretion of

---

[4] With respect to the safety valve departure, the Government's position was that Barnes was not entitled to the benefit of the safety valve guideline because of his criminal history. The safety valve guideline requires, among other things, that "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of § 4A1.3." § 5C1.2(a)(1). The district court adopted the PSR's determination that Barnes had 5 criminal history points, which renders him ineligible for departure pursuant to the safety valve guideline. Barnes does not challenge the district court's calculation of criminal history points on appeal.

No. 12-30562

the United States Attorney."   Clearly, the Government retained its discretion to determine whether to file a § 5K1.1 motion.  Barnes has not shown that the Government committed error, much less plain error, in its refusal to file a § 5K1.1 motion for substantial assistance.

## II.   MEMORANDUM OF THE ATTORNEY GENERAL

Barnes also makes a novel claim that a memorandum recently issued by the Attorney General affords him sentencing relief.  The August 12, 2013 memorandum, entitled "Department Policy on Charging Mandatory Minimum Sentences and Recidivist Enhancements in Certain Drug Cases," provides that prosecutors should decline to charge the quantity of drugs necessary to trigger a mandatory minimum sentence if a defendant meets certain criteria.  As previously set forth, Barnes was charged with possession with intent to distribute 50 grams of methamphetamine, which triggered a mandatory minimum sentence of 120 months.  § 841(b)(1)(A)(viii).  Barnes now claims that he should be a beneficiary of the Attorney General's new policy and receive a sentence commensurate with his culpability.

The Government asserts that Barnes cannot now benefit from the memorandum.  We agree.  Even assuming that Barnes has met the requirements contained in the memorandum, the Attorney General's memo was issued August 12, 2013, after Barnes was charged and convicted.  Additionally, the August 12 memorandum expressly notes that the "policy set forth herein is not intended to create or confer any rights, privileges, or benefits in any matter, case, or proceeding."   Thus, the memorandum does not offer Barnes any sentencing relief.

## III.   CONCLUSION

For the above reasons, the district court's judgment is AFFIRMED.