# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60607
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANN LOUISE FRANZEN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:15-CR-55-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written plea agreement, Ann Louise Franzen pleaded guilty to conspiring to commit identity theft and theft of government property. In her plea agreement, the Government agreed to consider filing a motion pursuant to U.S.S.G. § 5K1.1 if it determined that Franzen had provided substantial assistance to law enforcement officials and she fully complied with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

terms of the plea agreement.  In the plea agreement, Franzen generally waived her right to appeal.

On appeal, Franzen asserts that the Government breached the plea agreement because it refused to file a § 5K1.1 motion without considering whether Franzen had provided substantial assistance and fully complied with the terms of the plea agreement.  Notably, Franzen does not seek to compel the Government to file a § 5K1.1 motion but merely seeks to have the Government consider filing a § 5K1.1 motion based on whether she provided substantial assistance and complied with the plea agreement.

The Government has filed a motion to dismiss Franzen's appeal or, in the alternative, for summary affirmance.  The Government seeks to dismiss Franzen's appeal as barred by the appeal waiver in her plea agreement.

"In determining whether the terms of a plea agreement have been violated, the court must determine whether the [G]overnment's conduct is consistent with the defendant's reasonable understanding of the agreement." *United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1993).  The defendant has the burden of proving the underlying facts establishing a breach of the plea agreement by a preponderance of the evidence.  *United States v. Garcia-Bonilla*, 11 F.3d 45, 46 (5th Cir. 1993).  Where, as here, a defendant does not raise the issue of breach in the district court, our review is limited to plain error.  *Puckett v. United States*, 556 U.S. 129, 134-43 (2009); *United States v. Barnes*, 730 F.3d 456, 457 (5th Cir. 2013).  To show plain error, Franzen must show a forfeited error that is clear or obvious and that affects her substantial rights.  *Puckett*, 556 U.S. at 135.  If she makes such a showing, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citations omitted).

No. 16-60607

Absent a contrary agreement, the decision whether to file a § 5K1.1 motion is discretionary. *Wade v. United States*, 504 U.S. 181, 185 (1992). The Government may, however, bargain away its discretion in a plea agreement. *Garcia-Bonilla*, 11 F.3d at 46. However, when the plea agreement expressly states that the Government retains discretion over the decision, the Government's refusal to file the motion is reviewable only for unconstitutional motive, *United States v. Aderholt*, 87 F.3d 740, 742 (5th Cir.1996), or on the ground that the refusal to file the motion was not rationally related to a legitimate government end, *Wade,* 504 U.S. at 186.

The plain language of Franzen's plea agreement reflects that the Government explicitly retained the discretion to move for a downward departure. As Franzen does not argue that the Government had an unconstitutional motive or that the Government's denial was not rationally related to a legitimate government end, she has not met her burden of proving that the Government breached the plea agreement by a preponderance of the evidence, *see Garcia-Bonilla*, 11 F.3d at 46, and she has not shown that the Government committed error, much less plain error, in its refusal to file a § 5K1.1 motion, *see Puckett*, 556 U.S. at 135; *Barnes*, 730 F.3d at 459. As Franzen does not suggest that the waiver was unknowing or involuntary, she is bound by the plea agreement, including the appeal waiver. *United States v. Baymon*, 312 F.3d 725, 729-30 (5th Cir. 2002).

In view of the foregoing, the Government's motion to dismiss the appeal is GRANTED, and we dispense with any further briefing on the appeal. The Government's alternative motion for summary affirmance is DENIED.

APPEAL DISMISSED.