# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 17, 2020

Lyle W. Cayce
Clerk

No. 20-10116
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTHONY DON BROWN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:19-CR-18-1

Before OWEN, *Chief Judge*, and HAYNES and COSTA, *Circuit Judges*.

PER CURIAM:*

Anthony Don Brown challenges the sentence imposed following his guilty plea conviction for possession of a firearm by a convicted felon. Although his plea agreement contained an appeal waiver, Brown argues that his appeal is not barred because the Government breached its promise not to

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10116

bring additional charges against him when it concurred with the presentence report's calculation of his offense level, in particular the cross referencing specified in U.S.S.G. § 2K2.1(c)(1)(A). Brown raises four remaining appellate issues: his constitutional rights were violated because application of the cross referencing resulted in a prison term based on a drug offense rather than the firearm offense that was the subject of his guilty plea; the district court erred in applying the cross reference; the district court erred in holding him accountable for a drug amount that was involved in a separate event and did not involve the firearm cited in the indictment; and the district court erred in failing to credit his sentence for time spent in custody.

Brown's argument concerning a breach of his plea agreement is subject to plain error review because he did not raise it in the district court. *See United States v. Barnes*, 730 F.3d 456, 457 (5th Cir. 2013). The argument fails because Brown has not shown clear or obvious error. *See id.*

Specifically, Brown's claim of breach is not supported by a reasonable interpretation of the plea agreement. *See United States v. Harper*, 643 F.3d 135, 139-40 (5th Cir. 2011). Furthermore, our caselaw does not support his position that the Government's agreement with the offense level calculations in the presentence report amounts to the prosecution of a criminal offense. *See* BLACK'S LAW DICTIONARY (11th ed. 2019) (definitions of charge and prosecution); *cf. United States v. Hoster*, 988 F.2d 1374, 1378 (5th Cir. 1993); *United States v. Kinder*, 946 F.2d 362, 367 (5th Cir. 1991).

As for Brown's remaining issues, he does not argue that his appeal waiver was unknowing and involuntary. *See United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). Because the waiver applies to the remaining arguments, the arguments are barred. *See id.* at 754, 756-57; *United States v. Barnes*, 953 F.3d 383, 388-89 & n.11 (5th Cir. 2020).

Accordingly, the appeal is DISMISSED.