# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 31, 2025

Lyle W. Cayce
Clerk

No. 24-60181
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BRETT MORRIS MCALPIN,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:23-CR-62-1

_____

Before HAYNES, HIGGINSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Brett Morris McAlpin pleaded guilty pursuant to a plea agreement to two counts of conspiracy against rights, three counts of deprivation of rights under color of law, one count of conspiracy to obstruct justice, and one count of obstruction of justice. McAlpin waived his right to appeal his conviction and sentence, as well as the manner in which it was imposed, on any ground,

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

but he reserved the right to raise an ineffective assistance of counsel claim. He was sentenced within the advisory guidelines range to a total of 327 months of imprisonment, three years of supervised release, restitution in the amount of $79,500, and a $700 special assessment. He timely appealed.

First, McAlpin argues that the plea agreement is void because the Government did not provide any consideration to him in exchange for his agreement to plead guilty. We review de novo whether an appeal waiver bars an appeal. *United States v. Madrid*, 978 F.3d 201, 204 (5th Cir. 2020). Courts are guided by general principles of contract law in interpreting plea agreements, *see United States v. Winchel*, 896 F.3d 387, 388 (5th Cir. 2018), and this court has reviewed whether consideration was lacking for plea bargains, *see, e.g.*, *United States v. Smallwood*, 920 F.2d 1231, 1239-40 (5th Cir. 1991); *United States v. Fields*, 906 F.2d 139, 141-42 (5th Cir. 1990). Although McAlpin argues that no charges were dismissed, the Government did promise not to seek further criminal prosecutions of McAlpin for any acts or conduct disclosed by him to the Government as of the date of the plea agreement. In any event, McAlpin also received consideration as the Government agreed to recommend a sentence within the advisory guidelines range, to move for an additional one-level reduction for acceptance of responsibility, and to consider whether to exercise its discretion to move for a lower sentence under the policy statement in U.S.S.G. § 5K1.1 if it determined that McAlpin provided substantial assistance. We have rejected arguments that similar agreements lacked consideration. *See Fields*, 906 F.2d at 141-42; *Smith v. Estelle*, 562 F.2d 1006, 1008 (5th Cir. 1977).

In addition, McAlpin argues that the Government breached the plea agreement by reneging on its agreement to file a § 5K1.1 motion and by presenting evidence at sentencing in violation of his due process rights. Because he did not raise this claim in the district court, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 136-41 (2009); *United States*

*v. Kirkland*, 851 F.3d 499, 502-03 (5th Cir. 2017).  To show plain error, McAlpin must establish a forfeited error that is clear or obvious and affects his substantial rights. *See Puckett*, 556 U.S. at 135.  If he makes that showing, this court has the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*  The Government complied with its agreement to recommend a sentence within the guidelines range and to move for an additional one-level reduction for acceptance of responsibility.  The plea agreement did not prohibit the Government from presenting evidence at McAlpin's sentencing, and the Government retained the sole discretion to decide whether to file a § 5K1.1 motion under the agreement.  It ultimately did not do so. *See United States v. Barnes*, 730 F.3d 456, 459 (5th Cir. 2013); *United States v. Aderholt*, 87 F.3d 740, 742 (5th Cir. 1996).  To the extent that McAlpin argues that the Government had an unconstitutional motive for not filing the motion, he has not made the requisite showing. *See Wade v. United States*, 504 U.S. 181, 186 (1992).  Therefore, he has not shown any error, plain or otherwise. *See Puckett*, 556 U.S. at 135; *Wade*, 504 U.S. at 186.

McAlpin knowingly and voluntarily waived his right to appeal and, therefore, the appeal waiver is valid and enforceable. *See United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019).  The plain language of the waiver applies to McAlpin's sentencing arguments. *See id.*  Therefore, the Government's motion to enforce the appeal waiver is GRANTED, and the appeal is DISMISSED. *See id.*  The Government's alternative motion for summary affirmance is DENIED.