IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50467
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RON SYLVESTER PRICE

Defendant-Appellant.


_____

Appeal from the United States District Court for the
Western District of Texas
_____
September 4, 1996

Before GARWOOD, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:

Defendant-appellant Ron Sylvester Price (Price) appeals his sentence on the grounds that: (1) the Government breached the terms of the plea agreement by refusing to make a motion for downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1, thereby invalidating the waiver of appeal contained in the agreement and Price's sentence; (2) he received ineffective assistance of counsel because his attorney failed to advise him that the Government could elect not to provide him with the opportunity to offer substantial assistance under the plea agreement; and (3) the trial court erred in refusing to grant a

downward departure based on the totality of the circumstances under U.S.S.G. § 5K2.0. We affirm.

## Facts and Proceedings Below

In October 1994, a grand jury convened in the Western District of Texas issued a two-count indictment charging Price, Roger Mike Nautu (Nautu), and Kevin Henry Washington (Washington) with conspiracy to possess cocaine base with intent to distribute and possession with intent to distribute cocaine base in violation of 18 U.S.C. §§ 841(a)(1) and 846.

Price entered into a plea agreement with the Government which was executed on February 6, 1995, and filed with the district court on February 10. Under the agreement, Price agreed to enter a plea of guilty to the possession count (Count Two) in exchange for dismissal of the conspiracy count (Count One). Price was further required under the terms of the agreement to "give a full, complete, and truthful statement to law enforcement authorities concerning his knowledge of criminal activities, both as it relates to the charges in the Indictment as well as any other criminal activity." Price also agreed to waive any right of appeal granted under 18 U.S.C. § 3742, although reserving the right to appeal any upward departure from the sentencing guidelines. The Government reserved the right, *inter alia*, to "move for upward or downward departure motion as the government sees fit." The plea agreement additionally provided:

> "8. The United States agrees to make known to the Court, prior to sentencing, the nature and extent of the Defendant's cooperation concerning this investigation, and of any other matters in which he may provide

assistance. If the Defendant fully complies with the terms of this plea agreement, and in addition provides substantial assistance to the United States in this and other criminal investigations, the United States Attorney for the Western District of Texas *may* file a motion for downward departure pursuant to U.S.S.G. § 5K1.1. *The Defendant understands that the decision to file a 5K1.1 motion is in the sole discretion of the United States Attorney for the Western District of Texas. . . ."* (Emphasis added).

Price was rearraigned on February 15, 1995. Just prior to rearraignment, Price was interviewed by IRS agent Mike Lambreth (Lambreth) for approximately fifteen minutes. The Government represents that Lambreth questioned Price regarding his familiarity with certain persons in Killeen, Texas, which information was subsequently relayed to the Killeen Police Department. Price asserts that he was told at this time by Lambreth that another interview would be necessary as the individual necessary to interview Price was unavailable at that time. The interview ended when the district judge took the bench to commence the rearraignment.

At the rearraignment, the plea agreement was read in open court; Price indicated that he understood the agreement and agreed to its terms. In addition, he was specifically advised of the provision waiving his right of appeal, and indicated that he had discussed it with his lawyer, understood it, and agreed to it. Price was also properly advised of the rights which he waived by entering a guilty plea. Price's sentencing was set for April 27, 1995. On April 18, 1995, Price's counsel filed a motion to reset the sentencing hearing on the grounds that Price had not yet been afforded an opportunity to provide substantial assistance to the

3

Government pursuant to the plea agreement. The district court reset the sentencing hearing for June 8, 1995.

On June 7, 1995, counsel for Price filed a motion for downward departure based on the totality of the circumstances pursuant to § 5K2.0 based upon the contention that the lack of opportunity to provide substantial assistance, the disparity between his sentence and the sentence imposed on co-defendant Washington, and the United States Sentencing Commission's proposed modifications to the sentencing guidelines for cocaine base combined to justify such a departure.

At the sentencing hearing on June 8, 1995, Price's counsel objected that the Government had failed to provide Price with the opportunity to provide substantial assistance. The Government responded that while it believed Price had been truthful in his statements to the Government, the information which he provided did not rise to the level of substantial assistance because: (1) the Killeen Police Department informed the Government that its investigation had proceeded beyond the point at which the information provided by Price could be of any help; and (2) Price had delayed nearly five months in offering such assistance while his co-defendants were already being debriefed. Therefore, the Government refused to move for a downward departure under § 5K1.1. The Government did advise the court that "based on his [Price's] cooperation, we have no problem with the lower end of the guidelines in this case." However, Price made no motion to withdraw his plea or to invalidate any part of the plea agreement.

4

The district court declined to depart downward based upon the totality of the circumstances as well. Price was sentenced to 87 months' confinement, a supervised release term of 5 years, and a $15,000 fine, as well as a $50 special assessment. The guidelines confinement sentence range was 87 to 108 months.[1] Price now appeals his sentence.

## Discussion

Whether the Government's actions have breached the terms of a plea agreement is a question of law that is reviewed *de novo*. *United States v. Wittie*, 25 F.3d 250, 262 (5th Cir. 1994). The proper inquiry is whether the Government's conduct comports with the parties' reasonable understanding of the agreement. *Id*. The defendant bears the burden of demonstrating the underlying facts that establish the breach by a preponderance of the evidence. *Id*.

Absent a motion for downward departure made by the Government, a sentencing court is without authority to grant a downward departure on the basis of substantial assistance under § 5K1.1. *Wade v. United States*, 112 S.Ct. 1840, 1843 (1992). Section 5K1.1 "gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted." *Id*. Put differently, "§ 5K1.1 does not require the government to move for a downward departure if the defendant provides substantial assistance, but

---

[1] Price avoided the otherwise mandatory statutory 120-month minimum sentence, 21 U.S.C. § 841(b)(1)(A), by virtue of meeting the criteria in section 5C1.2(5) of the guidelines. Price was also awarded the three level downward adjustment for acceptance of responsibility. There were no objections to the PSR, the guideline calculations of which the district court adopted.

rather grants the government discretionary power to make such a motion." *United States v. Garcia-Bonilla*, 11 F.3d 45, 46 (5th Cir. 1993). Generally, the prosecutor's exercise of this discretion is subject only to constitutional restraints, and therefore a federal district court's authority to review the refusal to move for a downward departure based on substantial assistance is limited to determining whether the refusal was animated by an unconstitutional motive. *Wade*, 112 S.Ct. at 1843-44.

However, the government may bargain away its discretion under the terms of a plea agreement, and thereby obligate itself to move for a downward departure in exchange for the defendant's substantial assistance. *Garcia-Bonilla*, 11 F.3d at 46-47; *United States v. Aderholt*, 87 F.3d 740, 742 (5th Cir. 1996). In those cases in which the government has bargained away its discretion, the only remaining inquiry is whether the aid rendered by the defendant constitutes substantial assistance as that term was reasonably understood by the parties at the time that they entered into the plea agreement. *See United States v. Wilder*, 15 F.3d 1292, 1296-97 (5th Cir. 1994); *United States v. Hernandez*, 17 F.3d 78, 81-83 (5th Cir. 1994); *Aderholt*, 87 F.3d at 743 (where government retains discretion under plea agreement, unnecessary to determine whether defendant's actions amounted to substantial assistance).

Our precedent has recognized that the question whether or not the government has retained its discretion to refuse to move for a downward departure for substantial assistance turns upon the

specific language of the plea agreement at issue.  In those cases in which the government indicates in the plea agreement that it "will file" a motion, or other language to that effect, in exchange for the defendant's substantial assistance, we have held that the government has surrendered its discretion.[2]  By contrast, where the plea agreement expressly states that the government retains "sole discretion" over the decision as to whether or not to submit a motion, we have held that a refusal to do so is reviewable only for unconstitutional motive.[3]

Here, the Government did debrief Price and did advise the court of his cooperation, all of which did benefit Price.  And Price was sentenced at the bottom of the guidelines range (after full three-level credit for acceptance of responsibility and taking full advantage of section 5C1.2(5)).  Downward departure was the only way Price could have been *further* benefited.

Price relies on our decision in *United States v. Laday* in which we held that the government had breached the plea agreement by refusing to provide Laday with the opportunity to provide

---

[2]     *United States v. Watson*, 988 F.2d 544, 552 (5th Cir. 1993)("will file"), *cert. denied*, 114 S.Ct. 698 (1994); *United States v. Laday*, 56 F.3d 24, 26 & n.1 (5th Cir. 1995)(plea agreement providing government "will file" motion if defendant provides substantial assistance obligated government to give defendant opportunity to do so); *United States v. Melton*, 930 F.2d 1096, 1097-98 (5th Cir. 1991) (concluding that if district court determined on remand that defendant relied on transmittal letter from assistant United States Attorney stating "I will recommend" departure and offered substantial assistance or stood ready to do so, government obligated to move for downward departure).

[3]     *Garcia-Bonilla*, 11 F.3d at 47 ("sole discretion"); *Aderholt*, 87 F.3d at 742-43 (same); *United States v. Underwood*, 61 F.3d 306, 307 & 312 (5th Cir. 1995)(same).

substantial assistance after having committed itself by the terms of the plea agreement to move for a downward departure should he do so. *See also Melton*, 930 F.2d at 1098-99 (if defendant "accepted the government's offer and did his part, or stood ready to perform but was unable to do so because the government had no further need or opted not to use him, the government is obligated to move for a downward departure."). Price argues that the government was obligated under the plea agreement to interview him further in order to give him the opportunity to provide substantial assistance.

However, Price's reliance on *Laday* is misplaced. Unlike in *Laday* and *Melton* in which the government unequivocally obligated itself to move for a downward departure in order to induce the defendant to cooperate, the plea agreement in the present case expressly states that the decision to move for a downward departure remains within the "sole discretion" of the United States Attorney. Because Price does not allege that the government's refusal was based upon an unconstitutional motive, our decisions in *Garcia-Bonilla* and *Aderholt* dictate that the relief Price seeks be denied.

Price's next point of error urges that the waiver of his right to appeal contained in the plea agreement be invalidated because he received ineffective assistance of counsel. In particular, Price's counsel on the brief, who also served as trial counsel, represents to this Court that she failed to advise Price that the government could elect not to give him the opportunity to provide substantial assistance. Price relies on our decision in *United States v.*

8

*Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), in which we held that the dismissal of an appeal based on a waiver in the plea agreement is inappropriate where the defendant's motion to withdraw his plea is based on a claim that the waiver was tainted by the ineffective assistance of counsel. However, *Henderson* is distinguishable in that Price made no motion to withdraw his plea (or invalidate any portion of the plea agreement) in the present case, nor did he assert ineffective assistance of counsel below, and therefore there was no opportunity to develop the record regarding the now claimed ineffective assistance of counsel. Because Price's claim of ineffective assistance of counsel was not raised below so that an adequate record could be developed, this claim must be dismissed without prejudice to his right to raise it in a future section 2255 proceeding. *See, e.g., United States v. McKinney*, 53 F.3d 664, 675 (5th Cir. 1995).

Lastly, Price appeals the district court's failure to grant him a downward departure based upon the totality of the circumstances pursuant to U.S.S.G. § 5K2.0. However, Price expressly waived his right to appeal his sentence in all respects except in the event of an upward departure under the terms of the plea agreement. The record reflects that Price was specifically advised by the district court of the waiver-of-appeal provision, indicated that he understood it and had discussed it with his attorney. There is nothing to indicate any confusion or lack of understanding on Price's part. This point of error has been

9

waived, and must be dismissed.  *See, e.g., United States v. Melancon*, 972 F.2d 566 (5th Cir. 1992).

Accordingly, Price's conviction and sentence are hereby

AFFIRMED.

10