IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50074
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RICHARD ALLAN STUART, also known as
Dick Stuart, also known as
R.A. Stuart,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-95-CR-50-6
- - - - - - - - - -

April 10, 1998

Before JOLLY, JONES, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

     Appellant Richard Allan Stuart appeals his sentence for

conspiracy to commit bank fraud.  He argues that this court

should consider his appeal despite the waiver-of-appeal provision

in his plea agreement, that the Government breached the plea

agreement, and that his case should be remanded for resentencing

because his sentence is unconstitutionally excessive and the

court failed to inform him of his right to appeal.  Further,

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Stuart argues that the district court erred: 1) in calculating the loss valuation under U.S.S.G. § 2F1.1; and 2) using the 1995 Sentencing Guidelines to determine his sentence.

Stuart has waived his right to appeal his sentence on the grounds raised with the exception of his claim that the Government breached his plea agreement and that the court did not inform him of his right to appeal.  See United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994).

Stuart argues that since the Government did not file a motion for downward departure pursuant to U.S.S.G. § 5K1.1, despite his substantial assistance, it breached the plea agreement.  Under the plea agreement the Government retained full discretion over the decision whether to file a motion for downward departure. United States v. Price, 95 F.3d 364 (5th Cir. 1996).  As Stuart has not shown that the Government's discretionary decision was based on an unconstitutional motive, see Wade v. United States, 504 U.S. 181 (1992), he cannot prevail on his claim for breach.

Stuart also asserts that his case should be remanded because he was not informed of his right to appeal pursuant to Fed. R. Crim. P. 32(c)(5).  Inasmuch as the record clearly indicates that the court informed Stuart of his right to appeal, notwithstanding the provisions in his plea agreement, this argument is also without merit.

AFFIRMED.