IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 98-10322
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

KEVIN WESLEY,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CR-293-1-G
- - - - - - - - - -
May 28, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

      Kevin Wesley appeals his guilty-plea conviction and sentence for possession of cocaine base with intent to distribute and possession of cocaine with intent to distribute.  This court does not consider Wesley's claims of sentencing errors as Wesley has waived his right to contest these errors through his plea agreement.  See United States v. Gaitan, ___ F.3d ___, 1999 WL 160242, *1-*3 (5th Cir. 1999).

      To the extent that Wesley argues that his guilty plea was the result of ineffective assistance of counsel, his appellate

———————————————

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rights are not waived.  See <u>United States v. Henderson</u>, 72 F.3d 463, 464-65 (5th Cir. 1995).  The record, however, is not sufficiently developed to allow a ruling on Wesley's ineffective assistance of counsel claims on direct appeal.  See <u>United States v. Price</u>, 95 F.3d 364, 369 (5th Cir. 1996).  The record also does not support a finding that the Government breached the plea agreement by failing to move for a downward departure, failing to inform the court of the extent of Wesley's assistance, or failing to "evaluate" the extent and nature of Wesley's assistance.  See <u>id.</u> at 368.

AFFIRMED.