IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-51257
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN RAMON MALDONADO-RAMIREZ,
also known as Jose Ramon Maldonado-Ramirez

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-381-6
_____
August 23, 2001

Before POLITZ, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Juan Ramon Maldonado-Ramirez appeals the sentence received after his

guilty plea to a charge of attempting to distribute and aiding and abetting in the

distribution of a quantity of amphetamine. He contends that he 1) was entitled to a

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

downward departure under U.S.S.G. § 5K1.1; 2) should have received a two-level downward adjustment under U.S.S.G. § 3B1.2(b) for minor participation; and 3) was denied his right of allocution under Fed. R. Crim. P. 32(c)(3)(C).

The Government maintains that Maldonado waived his right to appeal his sentence in the plea agreement. We may not accord this waiver full effectiveness, however, because the district court did not specifically address Maldonado in open court about his essential understanding of the waiver-of-appeal provision.[1]

Our study of the record, consideration of the legal argument advanced, and review of relevant authorities convinces us that no reversible error was committed. The Government did not breach the plea agreement by not moving for a downward departure on the basis of substantial assistance, and the district court lacked the authority to grant a downward departure absent such a motion.[2] Maldonado did not satisfy his burden of showing that he qualified for minor participant status.[3] Finally, it is manifest that Maldonado was afforded his right of allocution at sentencing.[4]

Accordingly, the judgment appealed is AFFIRMED.

---

[1]Fed. R. Crim. P. 11(c)(6); United States v. Robinson, 187 F.3d 516, 517-18 & n.2 (5th Cir. 1999).

[2]United States v. Price, 95 F.3d 364 (5th Cir. 1996).

[3]United States v. Garcia, 242 F.3d 593 (5th Cir. 2001).

[4]United States v. Myers, 150 F.3d 459 (5th Cir. 1998).