**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 01-20293

_____

UNITED STATES OF AMERICA,                                          Plaintiff-Appellee,

versus

MELBA RIOJAS MORENO,

                                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(95-CR-142-67)

_____

February 14, 2002

Before JONES, EMILIO M. GARZA, and STEWART Circuit Judges.

PER CURIAM:[*]

Melba Riojas Moreno ("Moreno") appeals her conviction and sentence for conspiracy to commit money laundering.  For the following reasons, we affirm.

FACTUAL AND PROCEDURAL HISTORY

On October 10, 1996, a 196 count indictment was issued charging Moreno and seventy-seven other defendants with various crimes.  Moreno was charged with seven offenses, including conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(g) and (h).  Thereafter, Moreno entered into plea negotiations with Assistant United States Attorney Terry Clark ("Clark").  Moreno asserts

[*]Pursuant to CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstance set forth in 5th CIR. R. 47.5.4.

that, as part of the negotiations, Clark agreed that if Moreno entered into a plea agreement, Clark would join her in requesting that the district court release her on bond pending sentencing and would urge a departure in her sentence to time served or probation.[2] However, the written plea agreement does not reflect this arrangement. Moreno entered into the agreement and, pursuant to its terms, pled guilty to the conspiracy count. Under the plea agreement, Moreno also waived her right to appeal her sentence and the manner in which it was calculated. The government dismissed all other charges.

On April 29, 1998, a hearing was conducted to determine whether Moreno should be released on bond. Clark was not present at the hearing; however, Assistant United States Attorney Judith Lombardino ("Lombardino") represented the government. At the hearing, Moreno's trial counsel presented the court with a motion signed by Clark in which the government agreed that bond was appropriate. The district court denied the motion finding that because of the substantial amount of drugs and money involved in the case and her proximity to Mexico in Roma, Texas, Moreno was a flight risk.

On October 19, 2000, to expedite the preparation of a presentencing report ("PSR"), the district court ordered the government, instead of a probation officer, to consult with investigating agents and prepare summaries of each offense for the probation officer to use in preparing a PSR. On November 17, 2000, the PSR was issued and Moreno objected to: (1) the assignment of the base level of the offense, (2) the failure to adjust the offense level for her role as a minor participant, (3) the adjustment for obstruction of justice, and (4) the failure to give a downward departure for

---

[2]Although Moreno was not present at the time this alleged agreement took place, Moreno maintains that her counsel conveyed the information to her.

acceptance of responsibility. In addition, Moreno requested a downward departure due to her negative family influence, her length presentencing detention,[3] and her poor health due to a kidney disease. Moreno asserted that these objections and requests were premised on representations made by Clark. In response, Lombardino filed a motion seeking clarification concerning the alleged representations upon which Moreno relied. The district court granted the motion. Moreno contends that she sent a letter to the government outlining the alleged representations made by Clark; but the government disputes this assertion. On February 20, 2001, Moreno moved for a continuance of her sentencing hearing. Lombardino objected to the continuance and the district court denied the motion.[4] On February 23, 2001, the sentencing hearing was held and the government did not file a motion for downward departure. The district court sentenced Moreno to a term of 188 months imprisonment, three years supervised release, a fine of $100,000, and a special assessment of $100. This appeal followed.

## STANDARD OF REVIEW

We review the voluntariness of a guilty plea *de novo*. United States v. Amaya, 111 F.3d 386, 388 (5th Cir. 1997). Whether the government has breached the terms of a plea agreement is a question of law and is also subject to a *de novo* review. United States v. Price, 95 F.3d 364, 367 (5th Cir. 1996). "In determining whether [the] government's actions have breached [the] terms of [the] plea agreement, [the] defendant bears [the] burden of demonstrating underlying facts that establish breach by preponderance of evidence." Id.

---

[3]Moreno was detained approximately three and one-half years prior to sentencing.

[4]Moreno maintains that Clark stated that the government would not oppose her motion for a continuance; however, shortly before the sentencing hearing, Lombardino filed a response stating that the government was opposed to the continuance.

3

DISCUSSION

A defendant's plea of guilty must be intelligent and voluntary. Boykin v. Ala., 395 U.S. 238, 242-44 (1969). The test is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (citation omitted). "A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by misrepresentation (including unfulfilled or unfulfillable promises)." Montoya v. Johnson, 226 F.3d 399, 405 (5th Cir. 2000) (quoting Brady v. United States, 397 U.S. 742, 755 (1970)). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. N. Y., 404 U.S. 257, 262 (1971). Plea negotiations and discussions leading to a plea agreement may establish the existence of an additional promise by the government outside the written agreement. See United States v. Kirk, 70 F.3d 791, 793 (5th Cir. 1995).

Moreno maintains that Clark represented that he would support her motion for release pending sentencing and would recommend downward departure if Moreno cooperated and debriefed. Moreno contends that these representations were made only to induce her to enter into a plea agreement. Further, Moreno concedes that the district court admonished her concerning the consequences of her plea of guilty. However, she asserts that the hearing on her bond motion revealed that she was not fully aware of the consequences of her plea.

The maximum sentence that Moreno could have served for conspiracy to launder money is twenty years. At the hearing, the district court asked Moreno whether she was aware of the sentence she might receive and Moreno responded ten years. Moreno contends that despite her obvious

4

misunderstanding of the maximum sentence she could serve, neither the district court nor the government sought to inform her of the correct maximum punishment. Moreno asserts that her apparent misunderstanding of the maximum sentence she could receive, combined with the misrepresentations made by Clark, rendered her plea involuntary. Thus, Moreno maintains that she has not waived her right to appeal. The record belies this assertion.

This Court has held that "[f]or a defendant to waive [her] statutory right to appeal as part of a valid plea agreement, [she] must know that [she] had a right to appeal [her] sentence and that [she] [is] giving up that right." United States v. Gonzalez, 259 F.3d 355, 357 (5th Cir. 2001). "It is up to the district court to insure that the defendant fully understands [her] right to appeal and the consequences of waiving that right." Id. In the instant case, the plea agreement reflects that Moreno was aware of her "right to appeal the sentencing imposed." It also reveals that, knowing this right, "[Moreno] waive[d] the right to appeal the sentence or the manner in which it was determined." Further, at her rearraignment hearing, the district court asked Moreno if she understood the terms of the agreement and she answered in the affirmative. Thus, the record indicates that Moreno's waiver was informed and voluntary.[5]

Alternatively, Moreno argues that Clark breached the plea agreement by making promises that were not fulfilled. There is a complete absence in the record of any evidence that Clark made

[5]Moreno agues that the district court improperly ordered the government, instead of the probation officer, to consult with investigating agents and to prepare summaries of each offense for the probation officer to use in preparing a PSR. Thus, she maintains that the district court should not have relied on the PSR findings. This court has determined that when a defendant knowingly and voluntarily waives her "right to appeal [her] sentence and the manner in which it was calculated," such waiver includes any challenges to the district court's adoption of a PSR report. United States v. Martinez, 263 F.3d 436, 438-39 (5th Cir. 2001). In Martinez, the defendant also argued that the district court should not have relied on PSR findings. We found that the language of the plea clearly waived any appeal challenging the district court's factual findings. Because Moreno's plea agreement contains language nearly identical to that in Martinez, we find that Moreno has waived her right to assert this issue on appeal.

promises to induce Moreno to enter into a plea agreement. To the contrary, the plea agreement itself states that "[n]o promises or representations have been made by the [government] except as set forth in writing in this plea agreement." Thus, Moreno has failed to establish by a preponderance of the evidence that the government breached the plea agreement. When a defendant is convicted and waives his right to direct appeal, "we presume a defendant stands fairly and finally convicted." United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998). Because we find that Moreno has waived her right to appeal, we will not address the merits of the claims asserted by Moreno.

## CONCLUSION

For the reasons stated herein, we affirm Moreno's conviction and sentence.

AFFIRMED.