**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 01-51285
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EUGENE IGLEHART,

Defendant-

Appellant.

---------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CR-438-2
---------------------------------------------------------
October 29, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Eugene Iglehart appeals his convictions and concurrent 188-month sentences imposed by the

district court following his guilty pleas to charges of possession with intent to distribute more than

five grams but less than fifty grams of cocaine base and possession of a firearm after having been

convicted of a felony. Iglehart contends that his attorney had a conflict of interest caused by the fact

that counsel's partner represented Iglehart's codefendant. He contends also that the district court

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was required to conduct an inquiry pursuant to FED. R. CRIM. P. 44(c) to determine whether he had been informed of the conflict and whether he knowingly waived the conflict.

A potential conflict of interest arises when members of the same law practice represent persons indicted for the same offenses. See Burger v. Kemp, 483 U.S. 776, 783 (1987). However, prejudice is not automatically presumed in such cases, and the defendant must demonstrate that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected counsel's performance. Id.

Iglehart has not identified a defense, tactic, or strategy that counsel did not pursue on his behalf. Iglehart has not shown an adverse effect from counsel's performance. Kemp, 483 U.S. at 783. The lack of a FED. R. CRIM. P. 44(c) hearing does not provide grounds for automatic reversal. United States v. Lyons, 703 F.3d 815, 820 (5th Cir. 1983).

Iglehart contends that the district court erred in denying his motion to withdraw his plea to the cocaine charge. We review the district court's denial of a motion to withdraw a plea for an abuse of discretion. United States v. Brewster, 137 F.3d 853, 857 (5th Cir. 1998).

A review of the record and consideration of the district court's findings on the pertinent factors demonstrates that Iglehart entered knowing and voluntary guilty pleas to the cocaine base and firearm charges and that the district court did not abuse its discretion by denying the motion to withdraw the plea. See id.; United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984). Iglehart's assertion of innocence on the cocaine base charge does not by itself warrant withdrawal. See Carr, 740 F.2d at 343-44.

Iglehart challenges his sentence of 188 months' imprisonment for the 18 U.S.C. § 922(g)(1) violation. Because Iglehart did not object in the district court to the sentencing error, our review is

for plain error. <u>United States v. Rodriguez</u>, 15 F.3d 408, 414 (5th Cir. 1994). Under FED. R. CRIM. P. 52(b), we may correct forfeited errors only when the appellant shows that there is an error that is clear or obvious and that affects his substantial rights. <u>United States v. Calverley</u>, 37 F.3d 160, 162-64 (5th Cir. 1994) (<u>en banc</u>) (citing <u>United States v. Olano</u>, 507 U.S. 725, 730-36 (1993)).

Iglehart's 188-month sentence exceeds the maximum sentence allowed by statute. <u>United States v. Roberts</u>, 203 F.3d 867, 868 (5th Cir. 2000). Iglehart's appeal waiver does not preclude his challenge to a sentence above the statutory maximum. <u>See</u> <u>United States v. Price</u>, 95 F.3d 364, 367 (5th Cir. 1996). Accordingly, Iglehart's sentence is vacated and his case is remanded to the district court for resentencing. <u>United States v. Hernandez-Guevara</u>, 162 F.3d 863, 878 (5th Cir. 1998).

AFFIRMED IN PART; VACATED AND REMANDED IN PART