United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51215
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE E. PHILLIPS, also known as Big Willie,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CR-395-1
---------------------

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:*

   Willie E. Phillips, federal prisoner # 31582-180, appeals
the sentence imposed following his guilty-plea conviction for
conspiracy to manufacture and distribute cocaine base and
conspiracy to launder money.  Phillips argues that the Government
engaged in prosecutorial vindictiveness and breached the terms of
his plea agreement by failing to file a motion for a downward
departure.  He contends that the district court should have
enforced this provision or allowed him to withdraw his guilty

---

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plea.  Phillips also asserts that his sentence is unconstitutional under the Sixth Amendment in light of <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004).

We review de novo the district court's determination whether the Government breached a plea agreement.  <u>United States v. Price</u>, 95 F.3d 364, 367 (5th Cir. 1996).  The defendant bears the burden of establishing a breach.  <u>Id.</u>  As part of the plea agreement, the Government retained the "sole discretion" to determine whether to file a motion for a downward departure on Phillips's behalf.  Phillips concedes that this court has held that when the Government retains discretion whether to file a motion for a downward departure its decision is reviewable only to determine whether the Government acted pursuant to an unconstitutional motive.  However, he argues, citing law from other circuits, that this court should expand its review of such decisions to include whether the Government acted in bad faith in deciding not to move for a downward departure.

Because the Government retained its discretion to determine whether to move for a downward departure and Phillips has not ascribed any unconstitutional motive to this decision, we are bound by our prior decisions in <u>United States v. Aderholt</u>, 87 F.3d 740, 741-42 (5th Cir. 1996), and <u>Price</u> to hold that he has not established a breach of the plea agreement and is not entitled to relief on this issue.

Phillips's claim of sentencing error under the Sixth Amendment is barred by the waiver-of-appeal provision in his plea agreement.  See <u>United States v. McKinney</u>, 406 F.3d 744, 746-47 (5th Cir. 2005).

AFFIRMED.