United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50014
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS GIBBS PYLE,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:04-CR-108-1
---------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Thomas Gibbs Pyle appeals his guilty-plea conviction and sentence for conspiracy to manufacture and distribute 50 grams or more of methamphetamine, on some occasions within 1,000 feet of a school. As part of his plea agreement, Pyle waived his right to appeal or collaterally attack his conviction and sentence on any grounds except ineffective assistance of counsel or prosecutorial misconduct of a constitutional dimension. He argues that the plea agreement should be invalidated because the Government

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

breached the agreement by refusing to move for a downward departure pursuant to U.S.S.G. § 5K1.1.  He also argues that, in light of United States v. Booker, 125 S. Ct. 738 (2005), the district court violated his Sixth Amendment rights.

Under the terms of the plea agreement, the Government had the "sole discretion" to determine whether any information Pyle provided warranted the filing of a motion for downward departure. In the absence of an unconstitutional motive claim, Pyle's contention that the Government breached the plea agreement is without merit.  See United States v. Price, 95 F.3d 364, 368 (5th Cir. 1996).

The record shows that Pyle knowingly and voluntarily waived his appellate rights, and the appellate waiver is enforceable. See United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994). Pyle's Booker argument falls outside of the exceptions contained in the appellate waiver.  Accordingly, Pyle's appeal is dismissed.  See United States v. Baymon, 312 F.3d 725, 727 (5th Cir. 2002).

APPEAL DISMISSED.