United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 6, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-41415
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

ROGELIO CASTANEDA,

Defendant-
Appellant.

------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-169-ALL
------------------------------------------------------------------

Before BARKSDALE, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rogelio Castaneda pleaded guilty to one charge of distribution of material involving sexual exploitation of a minor. The district court sentenced him to serve 108 months in prison and a three-year term of supervised release. Castaneda seeks to challenge his sentence despite the appellate-waiver clause in his plea agreement. Castaneda argues that the waiver should not be enforced

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because he did not knowingly and voluntarily agree to it, because the Government did not fulfill its obligations under the plea agreement, and because counsel rendered ineffective assistance in relation to the waiver.

This court will dismiss an appeal that is precluded by a valid waiver. *See United States v. McKinney*, 406 F.3d 744, 747 (5th Cir. 2005). There is nothing in the record to indicate that Castaneda's waiver was not knowing and voluntary. To the contrary, Castaneda's sworn statements at rearraignment support a conclusion that he knowingly and voluntarily waived his appellate rights. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The record also refutes Castaneda's claim that the Government breached the plea agreement, as the Government's representations at sentencing were consistent with the plea agreement. *See United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002).

Castaneda did not present his argument that his waiver was involuntary due to counsel's ineffectiveness in the district court. Consequently, the record is not developed in relation to this claim, and we decline to consider it. *See United States v. Price*, 95 F.3d 364, 369 (5th Cir. 1996).

The plain language of the waiver covers the claims that Castaneda seeks to present in this appeal. Consequently, this appeal is DISMISSED.