United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 26, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41599
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ANTONIO ESPINOZA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2141-ALL
---------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Antonio Espinoza pleaded guilty to possession with intent to distribute cocaine in excess of five kilograms in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Espinoza appeals his sentence, baldly asserting that (1) the district court erred when it refused to reduce his sentence pursuant to U.S.S.G. § 5K1.1; (2) the district court erred when it failed to continue his sentencing hearing so that the Government might file a motion under § 5K1.1; and (3) he is entitled to a remand so that the district court can determine why the Government failed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to file a motion pursuant to § 5K1.1.  The brief comes perilously close to failing to preserve any argument for appeal.  See United States v. Thames, 214 F.3d 608, 612 (5th Cir. 2000).  His assertions are frivolous.

The district court was without authority to reduce Espinoza's sentence in the absence of a Government motion under U.S.S.G. § 5K1.1.  See Wade v. United States, 504 U.S. 181, 184-85 (1992); United States v. Price, 95 F.3d 367, 367-68 (5th Cir. 1996).  The district court offered to continue the sentencing, but Espinoza did not request it, and he has not alleged, much less shown, that the district court's failure to sua sponte continue the hearing affected his substantial rights.  See United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004); United States v. Olano, 507 U.S. 725, 731-737 (1993).  Finally, Espinoza's request for a remand is baseless given that the district court is without authority to investigate why the Government failed to file a motion under § 5K1.1 absent allegations that it did so for unconstitutional reasons.  See Wade, 504 U.S. at 185; Price, 95 F.3d at 368.

The appeal is dismissed as frivolous.  5TH CIR. R. 42.2.  We caution counsel that filing frivolous appeals may be sanctioned.  United States v. Gaitan, 171 F.3d 222, 223 (5th Cir. 1999).

APPEAL DISMISSED; SANCTION WARNING ISSUED.