IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-40582

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHRISTOPHER CONTRERAS

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:06-CR-42-2

Before HIGGINBOTHAM, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Christopher Contreras appeals following his guilty plea conviction and 120-month sentence for conspiring to possess with intent to distribute methamphetamine. Contreras argues that the Government breached his plea agreement at the sentencing hearing by opposing his motion for a downward departure pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2—the so-called "safety valve"—on, inter alia, grounds that he possessed a firearm during the commission of the offense. He contends that the Government was precluded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from making such an argument based on this stipulation in the plea agreement: "The adjustment of U.S.S.G. § 2D1.1(b)(1) does not apply because there is insufficient evidence that a dangerous weapon was possessed during the commission of the offense." The district court denied his motion for the safety valve departure.

Whether the Government has violated a plea agreement is a question of law subject to de novo review. United States v. Wittie, 25 F.3d 250, 262 (5th Cir. 1994). When analyzing a claim that a plea agreement has been breached, the reviewing court should consider whether the Government's actions are consistent "with the parties' reasonable understanding of the agreement." United States v. Price, 95 F.3d 364, 367 (5th Cir. 1996).

The critical question is what the parties agreed to. The plea agreement contained no understanding with respect to Contreras' request for a downward departure under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2; rather, it spoke only to U.S.S.G. § 2D1.1(b)(1). The record makes clear that at the time of sentencing, the applicability of the safety valve was an open question. The weapons enhancement and the safety valve are separate issues, and what the Government agreed to do was not to attempt to prove the weapons enhancement. The Government's agreement not to seek the weapons enhancement did not relieve Contreras from his burden of proving that there was no weapon. See United States v. McCrimmon, 443 F.3d 454, 457 (5th Cir. 2006) (noting that the defendant "has the burden of showing that he is entitled to the safety-valve adjustment"). While the Government stated that it lacked sufficient evidence to seek the enhancement, it does not follow that the Government had no evidence of a weapon. The Government's concession that it did not have enough evidence to prove the presence of the weapon is neither a concession that Defendant did not have a weapon nor a concession that he can prove its absence.

Further, the stipulations paragraph in the plea agreement specifically provided that nothing in the plea agreement would preclude argument by either

party regarding any other specific offense characteristic or guideline adjustment. Contreras has not shown that the Government violated the plea agreement. See Price, 95 F.3d at 367; Wittie, 25 F.3d at 262.

Contreras also argues that the district court erred in denying his motion for a downward departure and that the district court plainly erred in failing to grant a two-level reduction in his offense level pursuant to § 2D1.1(b)(9). Contreras' appeal of these issues is barred by the waiver-of-appeal provision in his plea agreement. See United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005); FED. R. CRIM. P. 11(b)(1)(N).

AFFIRMED.