**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-30707
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MICHAEL DECLOUET

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-198-1

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Michael Declouet appeals his guilty-plea convictions and sentences for conspiracy to commit Hobbs Act armed robbery, in violation of 18 U.S.C. § 1915(a); Hobbs Act armed robbery of Studio 440 in Jefferson, Louisiana, in violation of 18 U.S.C. § 1951(a); being a felon in possession of a firearm, in violation of 21 U.S.C. § 922(g); and carjacking, in violation of 18 U.S.C. § 2119. In the factual basis for the plea, Declouet admitted his participation in numerous uncharged robberies undertaken during the course of the conspiracy

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in which he was engaged, and those robberies were included in the calculation of his sentence under the Guidelines. Declouet now argues that the use of incriminating statements he made during debriefing regarding the other uncharged robberies to enhance his sentence constituted a breach of the immunity clause contained in the plea agreement. More specifically, Declouet contends, for the first time on appeal, that the district court erred in relying on the exception for information previously obtained from other sources under U.S.S.G. § 1B1.8(b)(1), urging that the plea agreement did not contain such an exception and that there is no basis under contract law for reading such exception into the plea agreement.

Although Declouet waived his right to appeal his conviction and sentence as part of his plea, the waiver does not prevent this court from addressing the merits of the issue whether the Government breached the plea agreement. *See United States v. Keresztury*, 293 F.3d 750, 755-56 (5th Cir. 2002)); *see also United States v. Price,* 95 F.3d 364, 366-68 (5th Cir. 1996). Nevertheless, because the breach issue Declouet now raises was not presented to the district court, review is for plain error only. *See Puckett v. United States*, ___ S. Ct. ___, 2009 WL 763354, *4-5 (March 25, 2009). To demonstrate plain error, the appellant must make a four-pronged showing: 1) there must be a deviation from a legal rule that was not intentionally abandoned or affirmatively waived by the appellant; 2) the legal error was clear or obvious, i.e., not subject to reasonable dispute; 3) the error affected his substantial rights; and 4) if the first three prongs are satisfied, the appellate court has the discretion to correct the error only if it seriously affects "the fairness, integrity or public reputation of judicial proceedings." *Id.* at *5 (internal quotation marks and citation omitted).

Declouet has not met his burden of demonstrating plain error arising out of the alleged breach of his plea agreement. He urges that whether the information regarding the uncharged robberies came from other sources prior to his debriefing is irrelevant because the plea agreement does not contain the

exceptions listed under § 1B1.8(b), meaning that the plea agreement provides greater immunity than § 1B1.8. According to Declouet, the Government could have expressly listed the exceptions contained in § 1B1.8 in the plea agreement, and that, by failing to do so, the Government relinquished them. However, this court has found that the use of incriminating statements made during debriefing did not violate the plea agreement despite any promise of immunity, implicitly reasoning that the protections of § 1B1.8 were incorporated into the plea agreement. *See United States v. Gibson*, 48 F.3d 876, 879 (5th Cir. 1995). Declouet contends that *Gibson* is inapposite because it did not specifically address the issue presented here, to wit: whether the general principles of contract law prohibit a court from reading into a plea agreement the exceptions listed in § 1B1.8(b) when they are not explicitly incorporated therein. However, he acknowledges that there is no Fifth Circuit authority supporting his contention.

Assuming *arguendo* that *Gibson* does not foreclose Declouet's argument, he has not shown any clear or obvious error given the absence of any Fifth Circuit authority directly supporting the contention that the Government waives the exceptions listed in § 1B1.8(b) by not specifically including them in the written plea agreement. *See United States v. Salinas*, 480 F.3d 750, 756 (5th Cir. 2007) ("An error is considered plain, or obvious, only if the error is clear under existing law."); *United States v. Hull*, 160 F.3d 265, 272 (5th Cir. 1998); *see also Puckett*, 2009 WL 763354 at *9 (indicating that there is no clear or obvious error when the scope of the Government's obligations under the plea agreement are open to doubt). Accordingly, the district court's judgment is AFFIRMED.