**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2012

Lyle W. Cayce
Clerk

No. 11-50316
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ESPARZA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-28-3

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Esparza appeals from his conviction of conspiracy to possess with intent to distribute cocaine. The Government did not move for a downward departure based on Esparza's substantial cooperation in his case; the Government did, however, move for a substantial assistance departure based in part on Esparza's assistance in his mother's, Lydia Esparza's, case.

On appeal, Esparza contends that the district court plainly erred by allowing the Government to credit his substantial assistance to Lydia while

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denying him the benefit of his assistance.    He further contends that the Government breached the plea agreement by failing to move for a departure, that counsel was ineffective for not objecting to the Government's failure to file a motion, and that counsel was ineffective for failing to insist on an examination of the Government's motives for failing to file a departure motion.

The substantial assistance contention was not raised in the district court. Because Esparza did not object on this basis in the district court, review is for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Both U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) require a motion from the Government before a district court may impose a sentence below the statutory minimum.  Esparza's plea agreement made explicit that the Government had complete discretion as to whether it would move for a downward departure. Because the Government retained complete discretion, the failure to move for a downward departure did not constitute a breach of the plea agreement.  *See United States v. Price*, 95 F.3d 364, 368 (5th Cir. 1996).

> District courts may
>
> review a prosecutor's refusal to file a substantial-assistance motion and [may] grant a remedy if they find that the refusal was based on an unconstitutional motive.  Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion.

*Wade v. United States*, 504 U.S. 181, 185-86 (1992).  Moreover, a defendant "would be entitled to relief if the prosecutor's refusal to move was not rationally related to any legitimate Government end."  *Id.* at 186.

No. 11-50316

Esparza does not allege, nor does the record reflect, that the Government's failure to file a § 5K1.1 motion was based on a constitutionally impermissible factor. Nor does the record suggest that the refusal to file was not rationally related to any legitimate Government purpose. Although the Government's motion in Lydia Esparza's case was made pursuant to § 5K1.1 and was based in part on Esparza's cooperation, the record indicates that the Government believed a departure was appropriate because Lydia Esparza was brought into the drug conspiracy by her son and because her participation was limited to allowing Esparza to hide drugs in a locker in her home on one occasion. The departure motion in Lydia Esparza's case thus was intended to arrive at a just sentence tailored to Lydia Esparza's participation in the offense. *See* 18 U.S.C. § 3553(a)(1). Esparza has not shown plain or obvious error. *See Puckett*, 556 U.S. at 135.

This court generally does not resolve claims of ineffective assistance of counsel on direct appeal, when the record generally is not sufficiently developed for the court to consider the claims. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006). Esparza's ineffective assistance contention, however, is based on counsel's failure to object to the Government's failure to move for a downward departure based on substantial assistance and on counsel's failure to request an examination of the Government's motivation. Any such requests would have failed on the merits. Counsel does not render ineffective assistance by failing to make meritless objections. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

Accordingly, the judgment of the district court is AFFIRMED.