# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2021

Lyle W. Cayce
Clerk

No. 20-10293
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Choya Dwayne Hailey,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:19-CR-73-1

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Choya Dwayne Hailey appeals his conviction and sentence for possession of methamphetamine with intent to distribute. He contends that the Government breached his plea agreement by failing to move for a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10293

downward departure under U.S.S.G. § 5K1.1 based on his substantial assistance in the investigation or prosecution of others.

Because Hailey did not raise this argument in the district court, we review it for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Cluff*, 857 F.3d 292, 297 (5th Cir. 2017). Even if Hailey could show that the Government bargained away its discretion regarding whether to file a § 5K1.1 motion if it determined that he provided substantial assistance, *see United States v. Price*, 95 F.3d 364, 368 (5th Cir. 1996); *United States v. Watson*, 988 F.2d 544, 552-53 (5th Cir. 1993), he has not shown a clear or obvious error. Based on his arguments and the record evidence, Hailey fails to demonstrate that it is beyond reasonable dispute that the Government breached the plea agreement by determining, at least implicitly, that he did not provide substantial assistance in the investigation and prosecution of others, as the term was reasonably understood by the parties at the time of the plea agreement. *See United States v. Bishop*, 603 F.3d 279, 281 (5th Cir. 2010); *Price*, 95 F.3d at 367-68. Thus, there is no plain error.

AFFIRMED.